MITCHELL ET AL. *v.* McCORKLE, SHERIFF, ET AL.

REVIEW OF JUDGMENT.—*Default on First Day of Term.—Pleading.*—Under section 68 of the practice act, 2 R. S. 1876, p. 67, it is error to render a judgment by default on the first day of a term of court, and the error is such as will sustain a complaint for review.

SAME — *Constitutional Law.—Curative Statute of 1879.—Local and Special Legislation.*—The curative statute of March 21st, 1879, Acts 1879, p. 116, " legalizing the practice of circuit courts. in calling causes for issues, and in entering judgments on the first (1st) day of the term," etc., is special because it does not apply to all " judgments, orders, or decrees " taken on the first day of the term ; and it is local because it does not in terms legalize and validate all the judgments, orders or decrees of all the circuit courts of the State, taken on the first day of the term, but only of such of said courts as had " adopted rules of practice making the summons in civil causes returnable to the first day of the term." This curative statute is, therefore, within the inhibition of sections 22 and 23 of article 4 of the constitution of this State, and wholly void.

From the Shelby Circuit Court.

*A. Blair, E. P. Ferris* and *W. W. Spencer,* for appellants.
*N. B. Berryman* and *B. F. Love,* for appellees.

HOWK, C. J.—This was a suit by the appellants, against the appellees, to obtain a review of a certain judgment for alleged errors of law appearing in the proceedings and judgment, and to enjoin the appellee McCorkle, as the sheriff of Shelby county, from levying upon the appellants' property to satisfy said judgment, until the final hearing of this action. To the appellants' complaint the appellees severally demurred for the want of sufficient facts therein to constitute a cause of action, which demurrers were severally sustained by the court, and to these decisions the appellants excepted. They failed and refused to amend their complaint or to plead further ; and thereupon the court rendered judgment in favor of the appellees, for their costs in this action expended, and from this judgment this appeal is now prosecuted.

In this court, the appellants have assigned, as error, the decisions of the circuit court in sustaining the several demurrers of the appellees to the appellants' complaint.

In their brief of this cause, in this court, the appellants' counsel say : "There is only one question in the bill of review, to which we desire to call the attention of the court. The original judgment, that we are seeking to review, was rendered by default on the first day of the term, and the demurrers admit the fact. This appears on the face of the record and is an error of law that, we submit, should have sustained the bill of review." It is unnecessary for us to give even a summary of the appellants' complaint, in this opinion; but it is proper that we should say, that the question which counsel wish this court to decide is fairly presented by the record. It appears therefrom that the summons issued for the appellants, as defendants in the original action, required them to appear in the court below on the first day of the next term thereof, to answer the complaint of the plaintiff in said action; and that, on the said first day of said term, the judgment by default was rendered against the appellants, which they seek to review in the case now before us. The summons was dated on the 1st day of May, 1876; and the next term of the Shelby Circuit Court began on the fourth Monday of May, being the 22d day of May, 1876, on which day the judgment by default was rendered and entered.

In section 68 of the practice act, it is provided that, "On the second and each succeeding day of the term, the court shall call as many of the causes which stand for trial at such term, for issues, as the business of the court will permit," etc. 2 R. S. 1876, p. 67. Under this provision of the code, it was held by this court, in the case of *Clegg* v. *Fithian*, 32 Ind. 90, that it was error to render a judgment by default on the first day of the term, and that for such error the judgment and default ought to have been set aside, on motion. In the case of *Reed* v. *Spayde*, 56 Ind.

394, it was said that a default may be taken on any day of the term after the first day.

The appellees' counsel, in their brief of this cause, do not controvert the position that the judgment by default against the appellants was erroneously rendered and entered on the first day of the term ; but they claim that the error complained of is cured and obviated by the provisions of "An act legalizing the practice of circuit courts in calling causes for issues, and in entering judgments on the first (1st) day of the term, and declaring an emergency," approved March 21st, 1879. Acts 1879, p. 116. The preamble of this act recites, that " Whereas, Some of the circuit courts of this State have adopted rules of practice making the summons in civil causes returnable to the first day of the term, and have thereunder proceeded to call the causes upon the docket for issues, and to enter defaults and judgments upon the first day of the term ; and Whereas, The practice in this regard is not uniform in the circuit courts of the State, and some doubts have been entertained as to the correctness of the practice mentioned ;" therefore it is enacted, " That all judgments, decrees, or orders heretofore taken in any of said circuit courts, in causes wherein the summons was made returnable to the first day of the term, are hereby legalized and validated." This is all of the act except section 2, which merely declares that an emergency exists for its immediate taking effect, and provides that " it shall be in force from and after its passage."

This curative statute, it will be seen, is expressly limited to "judgments, decrees, or orders" taken before the passage of the act, and does not in terms, or even impliedly, authorize the taking or rendition of "judgments, orders, or decrees," after the passage of said act, on the first day of the term. A more singular feature of the act, however, as it seems to us, is that it does not legalize and validate all the " judgments, orders, or decrees " of all the circuit

courts of this State, which may have been taken on the first day of the term; but, by the express terms of the act and its preamble, the "judgments, orders, or decrees" of such circuit courts only as had "adopted rules of practice making the summons in civil causes returnable to the first day of the term," were thereby "legalized and validated." This feature of the act under consideration, we think, brings it squarely within the inhibition of sections 22 and 23 of the 4th article of the constitution of this State. By said section 22, it is provided that " The General Assembly shall not pass local or special laws, * * * * regulating the practice in courts of justice;" and, in said section 23, it is provided that, in that and other cases enumerated in the preceding section, "all laws shall be general, and of uniform operation throughout the State."

This curative statute of March 21st, 1879, is both local and special in its provisions. It is special, because it does not apply to all "judgments, orders or decrees," which have been or may be taken on the first day of the term; and it is local, also, because it does not in terms legalize and validate all the judgments, orders or decrees of all the circuit courts of the State, which had theretofore been taken on the first day of the term, but only of such of said courts as had "adopted rules of practice making the summons in civil causes returnable to the first day of the term." This curative statute must, therefore, be regarded as, and is declared to be, unconstitutional and wholly void.

If it were otherwise, if the act in question could be regarded as a valid enactment, there is nothing in the record of this cause, which shows that the Shelby Circuit Court had adopted any rule of practice making the summons in civil causes returnable to the first day of the term; and, therefore, the judgment sought to be reviewed in this

cause would not have come within the purview of the act, and would not have been thereby legalized and validated.

It seems to us, for the reasons given, that the court erred in the case at the bar, in sustaining the appellees' demurrers to the appellants' complaint for review, and that these errors have not 'been cured or obviated by any subsequent legislation.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion.