## McKEEN v. IVES et al.

### (Circuit Court, D. Indiana. July 13, 1888.)

REMOVAL OF CAUSES—TIME OF MOTION.

Plaintiff filed his complaint in the state court at the January term, 1888, and by the summons fixed March 5th, the first day of the next term, as the day for defendant's appearance, but without indorsement thereof on the complaint, as required by Rev. St. Ind. 1881, § 401. *Held*, that the docketing of the cause for March 5th was irregular, as under section 400 the cause could not be called for issue until the second day of the term, and such docketing, though under a rule of court, could not have the effect of a rule to answer, so as to preclude defendant's motion to remove to the federal court at a subsequent day of the same term.

On Motion to Remove.

The superior court of Vigo county having overruled the application of the defendant the Cincinnati, Hamilton & Dayton Railway Company to remove the cause to this court, the petitioner procured and filed here a transcript of the record, and the motion of the plaintiff is to strike the same from the files. It appears from the transcript that the original complaint was filed in the superior court on the 2d day of January, 1888, in term-time, and the summons was issued, served, and returned on the same day. The summons in terms required the defendants "to appear in the superior court of Vigo county on the 5th day of March, 1888, being at the March term thereof, to answer," etc. March 5th was in fact Monday, the first day of the term of said court. It does not appear from the transcript that the complainant had, in accordance with section 516, Rev. St. Ind. 1881, "fixed the day during such term by indorsement on the complaint * * * on which the defendant [should] appear." At a later day of the January term, there having been no appearance by the defendants, the cause was ordered "continued until the next term." On the first day of the next term, that is to say, on March 5th, the complainant obtained leave of the court to file, and filed, a "supplemental complaint," and no further step was taken in the cause until "the 28th day of March, the same being at the March term of said court," when the defendant the Cincinnati, Hamilton & Dayton Railroad Company presented to the court its petition and bond for the removal of the cause to this court, showing that the petitioner was and always had been a corporation existing under and by virtue of the laws of Ohio; that Ives, its co-defendant, was a citizen of New York, and McKeen, the plaintiff, a citizen of Indiana; that the matter in dispute exceeded $2,000, exclusive of interest and costs; that the petitioner had not been required, by the laws of the state of Indiana or rule of the court, to answer or plead to the complaint; and that "the real and substantial controversy in the said suit is between said McKeen, plaintiff, and the petitioner, and the said Ives has no actual or substantial interest therein." At a later day of the term the plaintiff filed written objections to the removal; that is to say: *First*, because the petition was not filed

in time; and, *second*, because Ives, whom the record shows to be a necessary party, having alone the real and substantial interest in the controversy, has not joined in the petition.   Thereupon the court, after reciting of record the summons and return thereon, and rule of court No. 2, and the docket entry showing that this cause was set on the docket of the court for March 5, A. D. 1888, overruled the motion for removal. The rule of court referred to reads in this wise:   "No rule shall be required for a party to answer, but all defendants will be required to appear and answer on the day the action against them is set on the docket, or suffer a default."   The provisions of the Indiana Code of Practice pertinent to the subject are found in sections 314, 400, 401, 516, 1323, 1354, of the Revision of 1881, and are as follows:

Sec. 314. "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon. * * * The summons * * * shall notify the defendant of the action commenced, the parties thereto, and the court where pending." Sec. 400. "On the second and each succeeding day of the term, the court shall call as many of the causes which stand for trial at such term, for issues, as the business of the court will permit; * * * and shall compel the parties to file their respective pleadings and answers to interrogatories at such time as the court shall deem just," etc. Sec. 401. "If from any cause either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon default," etc. Sec. 516. "Every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, or publication has been had thirty days before the first day of the term: provided, however, that when the complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term, by indorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear; which day, when so fixed, shall be stated in the summons when issued, and the action shall be docketed in its order.   And, if summons shall be personally served ten days before such day, * * * such action shall thereupon stand for issue and trial at such term, and the court shall have jurisdiction to hear and determine such action as if summons had been served or publication made before the first day of the term, as hereinbefore provided." Secs. 1323, 1354. "The said courts (circuit and superior) shall adopt rules for conducting the business therein, not repugnant to the laws of the state," etc.

*Harrison, Miller & Elam*, for plaintiff.
*Charles W. Fairbanks*, for defendants.

WOODS, J., (*after stating the facts as above.*)   I am of opinion that the application for removal was made in time and should have been granted. Under a statute identical with section 400, *supra*, of the Revision of 1881, the supreme court of the state in 1879 held that a judgment by default could not be entered on the first·day of the term of court to which the summons was returnable, (*Mitchell* v. *McCorkle*, 69 Ind. 184;) and unless that decision is for some reason inapplicable here, it, follows that the docketing of this cause "for issues" on March 5th was improper and unlawful.   If authorized by any rule of the court, the rule was repugnant to this statute, as interpreted by the highest tribunal of the state.   But, say counsel: "Section 516, Rev. St. 1881, changes the law from what it

was when *Mitchell* v. *McCorkle* was decided. The plaintiff can now fix the exact day of the term at which defendants must appear and answer. That was done in this case, and March 5th was stated in the summons." As indicated in the statement of the case, the record does not show that the plaintiff fixed the day for the appearance of the defendants in the manner prescribed by the statute referred to, and, as the matter is jurisdictional, I think it must be held that the summons in this case was issued under the general statute. Such summons, in the customary form, I believe, requires the defendant to appear on the first day of term. This summons named a particular day, which was in fact the first day of the term, as all concerned were bound to know, and therefore must be deemed to have the same significance as if worded in the usual way. But, if it be conceded that this summons was issued under the proviso of section 516, in pursuance of an order indorsed upon the complaint, the decision in respect to the right of removal must be the same. While it is true that the provisions of section 400 had an existence before 1881, and the proviso of section 516 did not, yet both sections were embraced in the Civil Code of 1881, (Acts 1881, pp. 258, 308, §§ 104, 367,) and with the other provisions of that Code went into effect simultaneously on September 19, 1881. They must therefore be construed as parts of the same act, and neither as in any sense repealing the other. This involves no difficulty in respect to the question presented; for, conceding that under section 516 a complainant has the right to fix the first day of the term as the day "on which the defendant shall appear," it is still consistently true, under section 400, that causes shall be called "for issues" on and after the second day of the term, and a call on the first day is unauthorized. The docketing of the cause for the 5th of March on the docket of the superior court was therefore unlawful, in so far, at least, as that, under rule 2, *supra*, of the court, such docketing could operate as a rule against the defendants to answer. And it is not claimed that in any other way the petitioner came under rule to answer or plead. Saying nothing in respect to the nature and effect of the supplemental complaint filed March 5th, a default for want of an appearance might have been entered against the defendants on any day after March 5th, (and possibly on that day;) but this was not done, and on the 28th the petitioner appeared, and at once moved for a transfer of the cause to this court. The right to make the motion is not restricted by the act of March 3, 1887, to the time of appearance, or to the time when a default for want of appearance might be taken, but by the terms of the act the petition may be presented "at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which suit is brought, to answer or plead to the declaration or complaint of the plaintiff."

The objection that Ives did not join in the motion seems untenable, for the reason that the supplemental complaint, as well as the petition for removal, shows that Ives has no substantial interest in the controversy. Aside from what has been said, I think the so-called "supplemental complaint" goes far beyond the proper scope of a supplemental bill, and that it so far changed the nature of the action and character of relief

prayed and proper to be granted, as to have required a new summons before judgment by default or decree *pro confesso* could have been entered. It is not deemed necessary, however, to pass upon this point. It would be tedious to go into details; it is enough to say that the original complaint made Ives the principal party defendant, and sought and warranted only incidental relief against the petitioner; while the supplemental bill, abandoning all questions between the plaintiff and Ives, eliminates the latter from the case by averring that he acted for his codefendant, the railroad company, only, and seeks against that company an accounting and other relief not prayed in the original bill against either defendant, and which under that bill could not have been obtained against the petitioner. The objection of illegibility has been removed by the filing of a substituted transcript.

In any view of the case, as it seems to me, the petition for removal ought to have been sustained, and the motion made here is therefore overruled.