JUDGE PETERS
delivered the opinion oe the court.
That the sales and transfers of their property, made by Lewis and Morgan Sowards to Dils and others, were made to prefer certain creditors and in contemplation of insolvency is clearly shown by the evidence in this case, and that the sales would have inured to the benefit of all their creditors is the inevitable result, if proceedings to effect that object had been instituted within the time prescribed.
By sec. 2 of the act approved March 10, 1856 (1 Revised Statutes, pp. 553, 555), it is provided that all such transfers as are herein declared to inure to the benefit of creditors shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the recording of such transfer, or the delivery of the property or effects transferred.
The amended .petitions in this case were filed within six months from the recording of the deed from Lewis Sowards to John Dils, and it is alleged therein that the sales and transfers of the property to Dils and others were made to prefer them and in contemplation of insolvency. And as a new and distinct cause of action was set out in said amended petitions from that set forth in the original petition, summons and service thereof were necessary to bring the' parties before the court on said amended petitions; but no summons was sued out thereon until some nine months had elapsed from the recording of the deed to Dils. And whether it is necessary *98 that the creditor should sue out his summons as well as file his petition within six months in order to avail himself of the benefit of the statute is the first question for consideration.
If a literal construction is to be given to the statute, the mere filing of the petition within six months from the recording of the deed or delivery of - the effects would be sufficient to bring the disfavored creditor within its saving; but if that be the proper construction, within what time shall he sue out his summons? No time is prescribed. He may delay it six or twelve months longer, and thereby prejudice the rights or injuriously affect the condition of the purchaser, who without fraud on his part or notice of the existence of any suit against him may have parted with the property.
As the act under consideration was passed subsequent to the adoption of the Civil Code, which by sec. '65 declares that a civil action is commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon, it seems to us that it should be construed in connection with this section of the Civil Code, and that it is not only necessary to file the petition, but to sue out the summons within the six months from the time the deed is recorded or the effects are transferred, to enable a creditor to avail himself of the provisions of the statute.
Nor can we say, as the evidence is presented in the record, that the deed from Dils to W. C. Sowards is fraudulent per se. W. Sowards, the ostensible owner of the land, swears positively that he paid his own money for it. His precise age is not proved, although his own deposition was taken; nor is there any evidence taken on the part of appellant to show that his account of the manner he made the money to pay for the land was not true or improbable; and although in his second deposition Dils speaks of the opportunity Lewis Sowards had just before the close of the war of making money, and of his having considerable sums in his possession, excep *99 tions were filed to that deposition, which were sustained, and it was excluded.
Wherefore, as the case is presented, the judgment must be affirmed.