## ELLEN WALSH ET AL.

### v.

## ANSON M. TRUESDELL.

FORECLOSURE—PARTIES DEFENDANT.—In foreclosure of a trust deed, by bill in chancery, the person named as grantee or trustee in such deed, is a necessary party defendant to such proceedings; and it is erroneous to decree a foreclosure and sale of the premises without joining him as a party defendant.

ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. CHARLES J. BEATTIE, for plaintiff in error; that the allegations and proofs of complainant should agree, cited Kimball v. Took, 64 Ill, 380; Venum v. Venum, 61 Ill. 331; Heath v. Hall, 60 Ill 344; House v. Davis, 60 Ill. 367; Tracy v. Rogers, 69 Ill. 662.

That the trustee should have been made a party: Gardner v.

Brown, 21 Wall. 36; Moor v. Munn, 69 Ill. 591; Supervisors Douglass Co. v. Wallbridge, 38 Wis. 179; Russell v. Clarke, 7 Cranch. 69; McRea v. Branch Bank of Alabama, 19 How. 376; Sickmon v. Wood, 69 Ill. 329; Jeneson v. Jeneson, 66 Ill. 259; Atkins v. Billings, 72 Ill. 597; Trustees v. Braner, 71 Ill. 546; Alexander v. Hoffman, 70 Ill. 114.

Mr. D. H. Hammer, for defendant in error; as to allegations and proofs, cited Hahn v. Huber, 83 Ill. 243.

As to parties defendant: Kerr v. Watts, 6 Wheat. 550; Bank of Alexandria v. Seton, 1 Pet. 299; Elmendorf v. Taylor, 10 Wheat. 152.

Murphy, P. J.—The bill of complaint set out in this record was exhibited on the chancery side of the Circuit Court of Cook county, at the July term, 1875, by Anson M. Truesdell against Ellen Walsh, widow of John Walsh, late of said county, deceased, John Walsh, Michael Walsh, Mary Walsh, Margaret Walsh and William Walsh, his heirs at law, defendants. By the bill it appears that on the sixth day of June, 1871, the said John Walsh, then in his life time, and Ellen Walsh, became and were indebted to one Thomas I. Noble upon a certain promissory note of that date in the sum of $1400.00, to become due and payable by its terms on the first day of March, 1872, with interest at the rate of ten per cent. per annum. And that for the purpose of securing the payment of said promissory note, according to its tenor and effect, on that day executed and delivered under their hands and seals their certain indenture of trust deed, by which they granted and conveyed to one Joseph N. Barker, of said county, the fee simple title to the following described real estate, to wit: "Lot No. 7, (seven) in Barron's subdivision of lots No. 7 and 8, (seven and eight) of the assessor's division of block number three (3), in Brand's addition to Chicago," which said conveyance was in trust for the purposes in said indenture of trust deed specified; that is to say to secure the payment of said promissory note above mentioned, according to its tenor and effect. It also appears from the record that on or about the

8th day of October, 1873, said John Walsh departed this life, leaving him surviving the defendants to said bill, as his widow and heirs at law.

The bill prays the aid of the Court in foreclosing said indenture of trust deed as a mortgage, he, said complainant, claiming to be the owner of said promissory note, to secure which the same was given; and that by the decree of the Court, said premises be subjected to sale under the direction of the Court; and that out of the proceeds of such sale said promissory note be paid, etc. It appears that on the 9th day of December, 1876, the Court decreed for the complainant the foreclosure of said trust deed, as prayed, finding due to the complainant from the defendants the sum of $1,878.20, and for the purpose of paying the same, ordered a sale of said premises by the Master in Chancery, according to the rules and practices of that Court.

From this decree the defendants below prosecute this writ of error, and ask the reversal thereof, and assign several errors, only one of which will it be necessary for us to consider. The 4th assignment is that the Court erred in rendering said decree in the absence of the trustee named in the bill, without his consent, he not being a party.

It is insisted by the plaintiffs in error that the trustee, J. N. Barker, is a necessary party to this proceeding, being, as he is, the grantee named in the trust deed, it is apparent that by such instrument, the title in fee simple of said premises was conveyed to said Barker in trust, to be by him used for the purpose of paying said promissory note, as therein declared, and that said title has ever since and still resides in him. It has long been the settled doctrine of Courts of Chancery in this country, that a party holding the legal title to property involved in a judicial proceeding, is an indispensable party to the record of such proceeding: Harris et. al. v. Cornell et. al. 80 Ill. 65.

This bill is filed to subject these premises to sale by a decree of foreclosure of the trust deed to Barker; and by the production of his own principal instrument of evidence, the complainant establishes the important fact that the parties whom

Walsh et al. v. Truesdell.

he has made defendants have no other or higher interest in the premises in controversy than a mere equity of redemption.

These premises having been conveyed by John Walsh and Ellen Walsh to the trustee, J. N. Barker, as above stated, and he never having reconveyed or otherwise been divested of such title, it is clear that no proceeding to subject the same to sale can be effective or binding on him unless he be made a party; for it is a familiar and uniform rule that a decree cannot effect the rights and interests of parties who are strangers to the record of such proceeding. Therefore, a sale under any decree to which he was not a party could pass no title to the purchaser.

So it will be seen, that for the complainant to reach the title he seeks, he must bring the trustee, who holds the legal title, before the court, that the sale under the decree may effect a transfer of the title to the purchaser at such sale.

" It is the duty of the complainant to see and know that he has before the court all necessary parties, or his decree will not be binding. It is the policy of the law to prevent a multiplicity of suits, and where a complainant takes a decree without making the necessary parties defendants to his bill, when the necessity of their being made parties is disclosed to him by the answer of those who are made parties and by the evidence in the case, the decree will be reversed." Hopkins, et al. v. Roseclare Lead Company, 72 Ill. 373.

In this case, the necessity of the trustee, Barker, being made a party, appears not only by the answer of those who were made defendants, and the evidence, but by the complainant's own proof. It seems remarkable that he, being within the jurisdiction of the court, and holding at the time the legal title to the premises sought to be reached by the decree, should not have been made a party defendant. But this not having been done, it was error for the court below to decree a sale of said premises, so long as the trustee who really held the fee simple title was not before the court, and for this error the decree of the court below is reversed, and cause remanded.

Decree reversed.