TENNESSEE COAL, LUMBER & TAN-BARK CO. *et al. v.* WALLER.

(*Circuit Court, E. D. Tennessee.* February 4, 1889.)

1. REMOVAL OF CAUSES—APPLICATION—TIME OF MAKING.

Under the act of March 3, 1887, § 3. requiring the application for removal to be made at the time, or at any time before, the defendant is required to answer or plead, it is not too late to make the application after a motion to take the bill from the files and a demurrer to the bill have been disposed of.[1]

2. SAME.

By the rules of the state court judgment *pro confesso* might be entered if defendant did not plead, answer, or demur by the June rules. Prior thereto, defendant's counsel filed a motion to take the bill from the files, and at the next term, in September, filed a demurrer. *Held,* that an application, filed after the motion had been disallowed and the demurrer overruled, was filed after the time in which the defendant was required to plead or answer, and was too late.[1]

Motion to Remand.

Action by the Tennessee Coal, Lumber & Tan-Bark Company *et al.* against George B. Waller.

*Washburn & Templeton,* for complainants.

*Andrews & Thornburgh* and *W. L. Welcker,* for respondent.

KEY, J. Defendant's counsel argue, and refer to many authorities to show, that the bill in this case is an original bill, and not merely incidental or supplementary to the cause it seeks to review. Complainants' solicitors make no point against removal on this ground, and it will therefore not be considered.

The reason urged for remanding this cause is that the application for removal came too late. The matter is by no means free from difficulty. The bill was filed March 15, 1888. The defendant therein is a non-resident, and there was no service of process upon him. Under the laws of the state, publication was made requiring the appearance of the defendant. By the same authority the first Monday of each month is made a rule-day, and it is stated that a rule of the court in which the bill was filed provides that defendants shall appear at the next rule-day after service of process, and plead, demur, or answer, or judgment *pro confesso* may be taken. The first rule-day after the bill was filed, and to which it was returnable, was the first Monday in May, 1888. The next term of the court after the bill was filed met second Monday in September, 1888. The rule of chancery court as to non-resident defendants requires them to appear at a rule-day, and the defendant shall plead, answer, or demur before the first rule-day after the one named for his appearance. The publication herein required Waller to appear on the first Monday in May; and, by the rule mentioned, should he not appear then or before the following rule-day,—first Monday in June, 1888,—and plead, demur, or

---

[1]As to what is the proper time for filing an application for removal of cause from a state to a federal court, see Whelan v. Railroad Co., 35 Fed. Rep. 849; Huskins v. Railway Co., 37 Fed. Rep. 504, and cases cited.

answer, judgment *pro confesso* might be taken. Before the June rule-day defendant's counsel filed a written motion "to take from the files the bill purporting to be a bill of review," for various reasons therein stated. This was an appearance. on the part of the defendant under the order of publication. This motion prevented a judgment *pro confesso*, and was not and could not be disposed of, perhaps, until the court met in regular session in September. At the September term the motion was disallowed, whereupon a demurrer was interposed and overruled, and immediately thereafter, and during the term, an application for removal was made, and the removal ordered. Complainants' solicitors insist—*First*, that after a motion to take the bill from the files, and after demurrer, both of which were disposed of, it is too late to remove; *second*, if this be not so, it was too late to have a removal, unless the application therefor was made at or before the rule-day in June, 1888. Section 3, act March 3, 1887, makes provision that in 'cases like this the party desiring to remove his suit "may make and file a petition in such suit in such state court at the time or any time before the defendant is required by the laws of the state or the rules of the state court in which such suit is brought to answer or plead to the declaration or complaint." The act of 1875 required the petition for removal to be filed "at or before the term at which said cause could be first tried, and before the trial thereof." It might be filed at any time during the first trial term, unless there was a trial. In case of trial, the application must be made before trial. The supreme court of the United States, in construing this provision of the act of 1875, have held that the trial of a demurrer which goes to the merits of a cause is a trial in the sense of the clause referred to in the law of 1875, and that a petition for removal, made after the action of the court on the demurrer, came too late. *Alley* v. *Nott*, 111 U. S. 472–477, 4 Sup. Ct. Rep. 495; *Laidly* v. *Huntington*, 121 U. S. 180–182, 7 Sup. Ct. Rep. 855. The act of March 3, 1887, does not provide that the petition for removal shall be filed before trial, or even before the party answers or pleads, but it must be made at the time (or before) the defendant is required to answer or plead. This means, obviously, at the term at which he is required to answer or plead, if the cause be returnable to such term, notwithstanding motions and demurrers have been disposed of during such term. There is nothing to prevent a removal in this cause under complainants' first objection.

Complainants' second objection has greater strength. The act of March 3, 1887, is and was intended to be restrictive in its character. It was designed to curtail the jurisdiction of the federal courts, and diminish their business. The law of 1875 required application for removal in cases such as this to be filed "at or before the term" at which they could be tried, and before trial. This act of March 3, 1887, requires them to be made at the time, not term, or at any time before the defendant is required by the laws of the state, or the rules of the court in which the suit is brought, to plead or answer. The word "time" is substituted in the last act for "term" in the first, evidently because the time to plead or answer might, by law or rule, be different from that of a term of the

court, and that removal should be applied for at or before such time. Now, when was the time for the defendant to answer or plead? The order of publication and the publication required him to appear and plead, answer, or demur on the first Monday in May, 1888, but the rule of the court provided that judgment *pro confesso* might be entered against him if he did not plead, demur, or answer by the first Monday in June. What might have been the state of the case, had the defendant entered no appearance on or before the first Monday in June, it is not necessary to consider. Defendant did appear on the 28th day of May. He might have then filed his petition for removal, but he entered a motion to dismiss. Clearly the "time" fixed by rule of the court for him to answer or plead was the first Monday in June. He had all that day, and all the time from the 28th of May, to file his petition for removal. His motion did not preclude the application. It would have been removed, too, or he need not have made his motion until after the cause should be removed. The defendant insists that the term "required" to plead or answer means "compelled" to do so, and that, as no *pro confesso* was taken or asked for before removal was applied for, therefore defendant had not yet been "required" to plead or answer. This position seems to be supported by *McKeen* v. *Ives*, 35 Fed. Rep. 803, in which it is said:

"The right to make the motion (for removal) is not restricted by the act of March 3, 1887, to the time of appearance, or to the time when a default for want of appearance might be taken, but by the terms of the act the petition may be presented 'at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which the suit is brought to answer or plead to the declaration or complaint of the plaintiff.' "

The primary definition of "require" is "to demand, to insist, to ask as a favor, to request;" and it is no less a requirement because no coercion or compulsion may follow. The learned judge gives us no reasoning to sustain his view, but seems to think his position is necessarily inferable from the language of the law. In *Wedekind* v. *Southern Pac. Co.*, 36 Fed. Rep. 279–281, a different conclusion is reached. In that case a suit was commenced, and process executed April 21, 1888. The summons and the law of the state required the defendant to appear and plead in 10 days, excluding the day of service, which was on May 1, 1888. Defendant did appear on that day, and moved to set aside the service of the summons as insufficient. On May 28th the motion was heard by the court, and taken under advisement. On May 31st, and before the motion was disposed of, a petition for removal was filed. The cause was remanded, the court holding:

"The statute required the defendant to plead to the complaint on or before May 1, 1888. It is true that on that day defendant appeared in the state court, and moved to set aside the service of the summons; but this, in itself, in nowise extended defendant's time to answer or plead to the complaint."

It was held that the petition for removal came too late. I have come to the conclusion that in this case the petition for removal came too late, and that the cause must be remanded, and it is so ordered.