## CONNER *v.* SKAGIT CUMBERLAND COAL CO.

*(Circuit Court, D. Washington. March 13, 1891.)*

FEDERAL COURTS—REMOVAL OF CAUSE—TIME FOR REMOVAL.
 The voluntary appearance of defendant, and demurrer, in a state court, before expiration of the time within which he was required to plead, in no way limits his right to file a petition and bond for removal of the cause to the federal court at any time before expiration of such time. Act Cong. March 3, 1887, provides that he may file the petition for removal "at the time, or at any time before" defendant is "required," by law or rule of court, to answer or plead.

Act Cong. March 3, 1887, (24 St. 554,) relating to the removal of causes from the state to the federal court, provides that "whenever any party, entitled to remove any suit, * * * may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court, at the time or at any time before the defendant is required, by the laws of the state or

the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint. * * * "

*Lindsay & King* and *Moore & Turner*, for plaintiff.

*John Y. Ostrander*, for defendant.

HANFORD, J. The plaintiff has moved to remand this case to the state court in which it was commenced, on the ground that the petition and bond for removal to this court were not filed until the right to remove had been lost by expiration of the time limit. Whatever the facts may be as to the service of the jurisdictional process upon the defendant, the proof of service contained in the record is unsatisfactory, and I consider that it would be unsafe to hold such proof to be sufficient. I shall therefore decide the issues presented by the motion, assuming it to be a fact that the summons has not been served upon the defendant.

Ten days prior to filing the petition and bond for removal the defendant entered a voluntary appearance in the state court, by filing a general demurrer, and the plaintiff contends that with the filing of said demurrer the time allowed by law and the rules of the state court for answering expired, and, that being the time limited for filing a petition for removal, the right to remove expired simultaneously. I think, however, that by the act congress intended to and did prescribe a general rule by which to measure the time within which a party having a right to remove a cause may claim such right; and while it is true, as held in cases cited by counsel for the plaintiff, that neither the parties nor the court can, by any special rule or stipulation enlarging the time for answering in a particular case, also enlarge or extend the time for making application to remove a cause, it is equally true that by no act of the parties or special rule of court in a particular case can the time for filing a petition to remove be abridged. I do not mean to say that the right to remove cannot be waived, but, so long as the right remains, the limit of time within which it may be exercised is not subject to any change. In the case of *Gavin* v. *Vance*, 33 Fed. Rep. 84, this question was passed upon, and the same conclusion was reached by Judge HAMMOND. In his opinion on page 92 he says:

"Furthermore, I am of the opinion that the filing of the defendant's answer in no way affects his right of removal by imposing any limitation of time upon it, under this act of congress. The original judiciary act of 1789 did require that the defendant proposing to remove a case should file his petition 'at the time of entering his appearance in such state court,' and under that act the right of removal was gone after any plea or answer was filed. Act 1789, c. 20, § 12; 1 St. 79. But this act uses entirely different language. It does not at all say that the petition shall be filed the first thing that is done on appearance. The conduct of the defendant is not referred to in defining the limitation of time, nor is any act of his designated as fixing the terminal point. The laws of the state and the rules of the court determine the time by fixing a period when his right to answer or plead terminates. To illustrate, it is a familiar law and rule of court or practice in cases at law that the plaintiff has the first three days of the term to file his declaration, and the defendant two days thereafter to plead, etc. Now, often the plaintiff files his declaration before the term commences, and the defendant pleads immediately, or it is all

done on the first day; and, surely, such a premature and voluntary action cannot be said to close the right of removal under this act of congress, but the expiration of the two days allowed the defendant to plead would close it, perhaps whether he actually did plead or did not."

The opinion in the case of *Lockhart* v. *Railroad Co.*, 38 Fed. Rep. 274, cited by counsel for the plaintiff, was also written by Judge HAMMOND, and he therein refers to the case of *Gavin* v. *Vance*, and plainly adheres to his views therein expressed by distinguishing it from the case then under consideration. This will be made apparent by the following extracts from the latter opinion:

"This court held in *Gavin* v. *Vance*, 33 Fed. Rep. 84, 92, that the filing of an answer prematurely—that is, before the time specifically fixed by the statutes or rule of court—did not terminate the right of removal, and that a removal petition filed before the time allowed for pleading had expired was in time. * * * In *Gavin* v. *Vance*, *supra*, the answer that was filed, and which was held not to terminate the right of removal, was filed before the time which was fixed by a day certain to plead, which is not the case here."

The appearance entered in this case brought the defendant for the first time within the jurisdiction of the court, and it was entitled, by law and the rules of the court, to at least 20 days thereafter within which to answer or plead. As the petition and bond were filed within that time, there is no ground for this motion to remand.