## HOBART v. ILLINOIS CENT. R. CO.

### (Circuit Court, N. D. Iowa, W. D. June 3, 1897.)

**1. REMOVAL OF CAUSES—LOCAL PREJUDICE.**
  Under the acts of 1887-88, a cause can only be removed from a state to a federal court on the ground of local prejudice before the trial of the case; and the submission of a demurrer to the petition, based upon the ground that the petition fails to show a cause of action, and the ruling of the court thereon, constitute a trial of the case, such as to prevent the removal. Fisk v. Henarie, 12 Sup. Ct. 207, 142 U. S. 459, followed.

**2. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.**
  When a demurrer to a petition, setting up a cause of action based on defendant's alleged negligence, has been filed and sustained, the filing of an amended petition, pursuant to leave, which sets up, and bases the right of action upon, a statute of the state where the accident happened, does not make the case a new action, so as to avoid the effect of the rule that a cause cannot be removed to a federal court on the ground of local prejudice after a trial on demurrer or otherwise. Railway Co. v. Wyler, 15 Sup. Ct. 877, 158 U. S. 285, distinguished.

A. C. Hobart, for plaintiff.
Duncombe & Kenyon and Marsh & Henderson, for defendant.

SHIRAS, District Judge. This action was brought originally in the district court of Cherokee county, Iowa, by the plaintiff, as administrator of the estate of George C. Parker, deceased; the cause of action alleged being that Parker, while employed as brakeman by the defendant corporation, met his death at Doran Station, in the state of Illinois, being run over by the cars when engaged in coupling the same; it being averred that the accident was due to the negligence of the railway company in not furnishing proper coupling pins, and in leaving the frogs at the switch in bad condition. To this petition a demurrer was interposed, presenting the question whether the petition showed on its face a cause of action; the accident having occurred in the state of Illinois. The court sustained the demurrer, and thereupon the plaintiff took leave to amend his petition, and amended by setting forth, as part of the petition, sections 1, 2, c. 70, Rev. St. Ill., which give a right of action for death resulting from the wrongful or negligent acts of another; this amendment being filed December 31, 1896. On the 2d day of January, 1897, a petition for removal of the case to this court on the ground of local prejudice was filed and submitted, and an order was made for the removal of the case, and a transcript of the record having been filed in this court the plaintiff now moves for an order remanding the case; and the question for decision is whether the filing and submission to the state court of the demurrer to the original petition, and taking the ruling of the court thereon, was a trial of the case, in such sense as to defeat a subsequent removal on the ground of local prejudice.

In the case of Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, it is

held that the acts of 1887–88 repealed subdivision 3 of section 639 of the Revised Statutes, and therefore the right of removal on the ground of local prejudice or influence is dependent upon the provisions of the acts of 1887–88, and that, as those acts declare that a removal on the ground of prejudice must be applied for before the trial of the case, the same construction must be given to these words as is given to the same words in the act of 1875, under which it is held that a hearing had upon a demurrer filed to a petition on the ground that it does not state facts sufficient to show a cause of action against the defendant is a trial of the case, in such sense as to preclude a removal thereof subsequent to the ruling upon the demurrer. Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495; Laidly v. Huntington, 121 U. S. 179, 7 Sup. Ct. 855. Upon the authority of these cases, it must be held that under the provisions of the acts of 1887–88 a removal on the ground of local prejudice or undue influence can only be had before a trial of the case, and that the submission of a demurrer to the petition, based upon the ground that the petition fails to show a cause of action, and the ruling of the court thereon, constitute a trial of the case, so that thereafter the right of removal cannot be exercised.

On behalf of the defendant company it is urged that this general rule does not apply to this case, for the reason that the amendment to the petition filed after the ruling upon the demurrer sets up a new cause of action, based upon the statute of Illinois, and that it is this action which it is sought to remove, and which must be distinguished from the cause of action set up in the original petition, and which alone was put upon trial by the hearing upon the demurrer filed thereto. In support of this contention, counsel cite the case of Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877. The question for decision in that case was when the running of the statute of limitations was interrupted, the facts being that in 1885 Wyler sued the railway company in the circuit court of Jackson county, Mo., for personal injuries received in 1883, when in the employ of the company in the state of Kansas. The suit was removed to the federal court, and was first heard upon a general demurrer to the petition, which was sustained upon the ground that the petition was based upon the general rule governing the relation of master and servant, and the petition showed upon its face that the injuries complained of resulted from the negligence of a co-servant, for which the master was not liable. More than five years after the happening of the accident, an amended petition was filed, setting forth the statute of Kansas which makes railroad companies doing business in that state liable for all damages caused to employés by the negligence of the other agents or servants of the company. A demurrer to the amended petition was interposed on the ground that it appeared that the action based upon the statute was barred because not brought within five years, the period fixed by the statute of Missouri. The supreme court sustained the demurrer, holding that the amended petition was based upon the right of action created by the statute; that the amended petition presented a new cause of action, which was in law a departure from the cause originally declared on, and therefore the action based upon the statute was not commenced, so as to interrupt the running of the period of

limitation, until the amended petition based thereon was filed. In that case the bar of the statute applied to the right of action based upon the statute of Kansas making railway companies liable to an employé for injuries caused by the negligence of a co-employé; and it is clear that it could not be said, in any just sense, that the running of the limitation period applicable to the right of action created by the statute of Kansas, and which period began to run when the accident happened, could be interrupted or suspended until the party injured sought to enforce the right of action created by the statute. The lapse of the period of time fixed by the statute of limitations bars the remedy or right of action. It does not destroy the cause of action. The right to remove a suit pending in a state court, upon the ground of local prejudice, has no necessary connection with the right of action sought to be enforced therein. The removal, if had, affects the suit or action as an entirety. In the strict sense of the words, the cause of action in the present case has not been changed or varied by the amendment setting forth the statute of Illinois, although there has been a change in the right of action relied upon. The plaintiff, in the amended petition as well as in the original petition, is seeking to recover the same damages, to wit, those caused by the injuries received at Doran Station, and resulting in the death of George C. Parker. In the sense of the removal statute, the case now pending is the same that was submitted and heard upon demurrer in the state court. In the original petition submitted on demurrer, the plaintiff sought to hold the defendant company liable for the death of George C. Parker, caused by the injuries received by him at Doran Station, and the defendant denied liability therefor. In the amended petition, plaintiff seeks to hold the defendant company liable for the death of George C. Parker, resulting from the injuries received at Doran Station, and the defendant denies liability therefor. Under the ruling of the supreme court in Alley v. Nott, supra, it cannot be questioned that this case has been once tried in the state court, and before the removal was sought, and that trial ended the right to apply for and secure a removal of the case into this court. In that case it is said that:

"A demurrer to a complaint because it does not state facts sufficient to constitute a cause of action is equivalent to a general demurrer to a declaration at common law, and raises an issue which, when tried, will finally dispose of the case as stated in the complaint, on its merits, unless leave to amend or plead over is granted. The trial of such an issue is the trial of the cause as a cause, and not the settlement of a mere matter of form in proceeding. There can be no other trial, except at the discretion of the court, and, if final judgment is entered on the demurrer, it will be a final determination of the rights of the parties, which can be pleaded in bar to any other suit for the same cause of action. Under such circumstances, the trial of an issue raised by a demurrer which involves the merits of the action is, in our opinion, a trial of the action, within the meaning of the act of March 3, 1875."

In this opinion the supreme court holds that the hearing and decision on a demurrer to a petition for the reason that the latter fails to show ground for relief is a trial, no matter whether the demurrer is sustained or overruled; for it is therein said that the ruling on the demurrer will finally dispose of the case, "unless leave to amend or plead over is granted," or, in other words, if the demurrer is sustained

the case is ended, unless plaintiff have leave to amend the petition, or if the demurrer is overruled the case is ended, unless the defendant have leave to plead over, and therefore, no matter whether the ruling upon the demurrer be for plaintiff or defendant, a trial has been had. It is clear from this ruling that the supreme court holds that, if a demurrer involving the merits of plaintiff's case is heard and determined, that is a trial of the suit, which bars the right of removal, even though leave to amend is granted to the plaintiff; and the contention of counsel for defendant that the amendment in this case introduces a new right of action, with regard to which the right of removal still exists, cannot be sustained. If a demurrer to a petition is sustained on the ground that the petition does not state or show a cause of action, and leave is granted to file an amended petition, it must be upon the theory that the amended petition will show a cause and right of action which were not shown by the original petition, and therefore it may be said in every such case that the amended petition is a departure from the original, in that the amended petition makes a case, whereas the original petition did not; yet in Alley v. Nott it is held that the ruling upon a demurrer to a petition, holding that the petition does not show a cause of action, is a trial of the case, barring the right of removal, even though leave to amend the petition be granted, which leave to amend, as already said, can only be granted upon the assumption that the amended petition will show a cause of action not appearing upon the averments of the original petition. The removal provisions of the acts of 1887–88 act upon a suit as an entirety. When this suit was brought against the defendant company to recover the damages resulting from the death of George C. Parker, the company knew what the case was, and the questions which might arise in the future progress thereof. The company knew that it was within the power of the court to permit amendments to the petition to be made, so long as such amendments were pertinent to the question whether there existed against the defendant company a liability for the death of George C. Parker, and the pecuniary damages resulting therefrom; and the company further knew that the issue or issues to be heard and determined in the case were largely under its control, depending upon the pleadings filed by it. The removal statute gave the company, as a foreign corporation, the right to remove the case for trial into this court, provided such removal was applied for before the trial thereof in the state court. It is not permitted to a party to experiment upon the case in the state court, and afterwards to remove the case into the federal court. Under the provisions of the acts of 1887–88, a party defendant, having the right of removal, must determine before a trial is had whether he will remove the case, or submit it to the state court. If he elects to bring it to a trial, upon a demurrer or otherwise, before the state court, he cannot thereafter exercise the right of removal in that case, no matter what changes may be made in the issues therein by amendment or otherwise. The record shows that the defendant company by its own act brought the case to trial before the state court, by filing and submitting a demurrer to the petition, which was intended to elicit a ruling upon the merits of the controversy; and thus it ap-

pears that the petition for removal was not filed until after a trial of the case in the state court, and therefore the application was not in time. The motion to remand is sustained.