## WHITELEY MALLEABLE CASTINGS CO. v. STERLINGWORTH RAILWAY SUPPLY CO.

### (Circuit Court, D. Indiana.  December 16, 1897.)

### No. 9,518.

REMOVAL OF CAUSES—WAIVER.

Appearing in the state court, filing a demurrer to the complaint, and procuring an order discharging an attachment by giving the necessary bond therefor, all before the time at which the defendant is required by the state practice to answer or plead, is not a waiver of the defendant's right to remove, when no action was taken on the demurrer in the state court.

Gregory, Silverburg & Lotz and Gavin, Coffin & Davis, for plaintiff.
Woollen & Woollen, for defendant.

BAKER, District Judge.   On July 14, 1897, the plaintiff filed its complaint against the defendant in the circuit court of Delaware county, Ind., to recover damages in the sum of $3,500 for an alleged breach of contract.   The complaint is in two paragraphs.   The first paragraph sets out the contract and counts upon its breach.   The second paragraph is a common count for goods, wares, and merchandise sold and delivered.   On the same day proceedings in attachment were instituted against the defendant as a nonresident of the state, and the Lake Erie & Western Railway Company was duly garnished as a debtor of the defendant.   The plaintiff indorsed its complaint as provided by law, requiring the defendant to appear to and answer the same on September 22, 1897, the same being the fifteenth judicial day of the September term, 1897, of the Delaware circuit court.   On July 26, 1897, the plaintiff filed its affidavit showing that the defendant was a nonresident of the state, and procured an order for the service of the summons on the defendant by publication.   The summons was published requiring the defendant to appear and answer the complaint on September 22, 1897.   On August 14, 1897, the defendant entered its appearance and filed its demurrer to the complaint.   At the same time the defendant filed a bond, as provided by law, for the dissolution of the proceedings in attachment and garnishment, and moved the court to accept the bond and discharge the proceedings. The court accepted the bond, and discharged the proceedings in attachment and garnishment.   No action was asked for or taken on the demurrer in the state court.   All these pleadings were filed and proceedings had at the April term, 1897, of the Delaware circuit court. On September 7, 1897, being the second judicial day of the September term, 1897, of the Delaware circuit court, no further proceedings having been had in said court than are above stated, the defendant filed in said court in said cause its verified petition, accompanied by a sufficient bond, asking for the removal of the case into the circuit court of the United States for the district of Indiana.   The petition sets

forth all the facts required by law to authorize such removal, and the state court entered an order directing the cause to be removed into this court.

The provisions of the Indiana Code of Practice pertinent to the subject are set out in the case of McKeen v. Ives, 35 Fed. 801, 802.

The defendant now moves the court to remand this cause to the state court for the following reasons: First, because the defendant entered a full appearance in the cause in the state court, and filed therein its bond in discharge of the attachment proceedings had in said cause, and secured the approval of such bond, and an order of the court discharging such attachment proceedings; second, because the defendant, while said cause was pending in the state court, entered its full appearance therein, and filed a demurrer to the complaint.

The time fixed by indorsement on the complaint, and by the summons served by publication, for the defendant to appear and answer, was September 22, 1897. Neither the law of the state nor any rule of the state court required the defendant to answer or plead to the complaint prior to that date. The act of March 3, 1887 (24 Stat. 552, § 3), and the act of August 13, 1888, to correct the enrollment of the former act (25 Stat. 433, § 3), provide:

"That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

The defendant filed its petition and bond on September 7, 1897, 15 days before the time fixed by the act of congress when its right of removal would have expired. It is contended, however, that it had lost its right of removal by filing its bond, and procuring an order discharging the proceedings in attachment, and by filing a demurrer to the complaint. If the right of removal has been lost, it arises from the waiver of such right by procuring the discharge of the attachment proceedings, and by filing its demurrer before the time when it could have been required by the law of the state or the rule of the court to answer or plead to the complaint. Waiver is usually a question of intent, and knowledge of the right, and an intent to waive it, must be made plainly to appear. Such intent is usually to be determined from the acts and declarations of the party. It is not to be determined by the secret purpose or understanding of the party, but is to be ascertained from his acts and declarations. To make out a case of abandonment or waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose, or acts amounting to an estoppel on his part. The filing of the bond and procuring the order discharging the attachment were proceedings collateral and incidental to the suit, and every right in respect to the cause of action disclosed in the complaint remains unaffected thereby. These proceedings do not evince a plain purpose to waive the right of removal. Furthermore, by the act of March 3, 1875 (18 Stat. 471, § 4), the validity of attachments in the state courts, and of

all bonds, undertakings, or security given by either party, is preserved after removal. This is persuasive evidence that congress did not intend that the giving of such bonds should bar the right of removal.

The filing of the demurrer is the filing of an answer, within the meaning of the removal act. Martin's Adm'r v. Railroad Co., 151 U. S. 674, 686, 14 Sup. Ct. 533. But that act does not provide that the petition for removal shall be filed in the state court before the filing of an answer or plea. It provides that the petition for removal may be filed at the time or at any time before the defendant is required by law or rule of court to answer or plead to the complaint. The mere act of filing a demurrer in the state court, upon which no action is invoked or had, is not clear, unequivocal, and decisive evidence that the defendant intended to move such demurrer to a hearing in the state court. The act is equivocal, and is as consistent with the intention to move it to a hearing after removal as before. To operate as a waiver, the act of the party must be irreconcilably repugnant to the assertion of his legal right. The mere filing of an answer or demurrer does not, in the opinion of the court, present a case of such irreconcilable repugnancy. Perhaps, if the demurrer had been argued and decided before the time for removal had expired, it would have constituted a waiver, and would have barred the right of removal. Martin's Adm'r v. Railroad Co., supra. The following cases more or less directly support the foregoing views: Gavin v. Vance, 33 Fed. 84, 92; McKeen v. Ives, 35 Fed. 801; Tan-Bark Co. v. Waller, 37 Fed. 545; Conner v. Coal Co., 45 Fed. 802; Garrard v. Silver Peak Mines, 76 Fed. 1; Purdy v. Wallace, Müller & Co., 81 Fed. 513; Goldey v. Morning News, 156 U. S. 516, 15 Sup. Ct. 559. The motion to remand is overruled.