## MAHER v. TOWER HOTEL CO. et al.

### (Circuit Court, N. D. Illinois, N. D. May 11, 1899.)

**1. REMOVAL OF CAUSES—SEVERABLE CONTROVERSY—FORECLOSURE SUITS.**

In a suit in equity in Illinois to foreclose a trust deed, the trustee is a necessary party defendant, and the controversy is not severable, as between such trustee, the owner of the equity of redemption, and subsequent incumbrancers or lienors.[1]

**2. SAME—TIME FOR FILING PETITION—DEMURRER.**

The time allowed for filing a demurrer marks the limit of the time within which the defendant is required to "answer or plead" to the declaration or complaint under the terms of the removal act, and a defendant cannot remove a cause after his demurrer has been overruled and a rule entered against him to plead over.

**3. SAME—PRACTICE—LOCAL PREJUDICE.**

When application is made for removal on account of local prejudice or influence, the better practice is to allow counter affidavits to be filed, and to require it to be shown that defendant cannot in reality obtain justice in the state courts on account of such influence or prejudice.[2]

On Motion to Remand.

A. M. Lasley, for complainant.

E. T. Cahill, for certain defendants.

KOHLSAAT, District Judge. This cause comes on to be heard upon motion of complainant to remand to the circuit court of Cook county, Ill., from whence it is claimed this cause was improperly removed to this court. This is a foreclosure suit, the bill being filed in the state court on September 13, 1898, against the Tower Hotel Company, Timothy D. Crocker, Eliza P. O. Crocker, his wife, and others, to secure the sale of certain premises for the payment of certain notes of the Tower Hotel Company; the said Timothy D. Crocker being the present owner of the equity of redemption. On November 22, 1898, said Crocker and wife entered their appearance in that suit, and on December 10, 1898, filed a general and special demurrer therein. Subsequently, on April 3, 1899, the demurrer of defendants was overruled, and a rule entered on all defendants to plead or answer to the bill of complaint within 20 days. On April 20, 1899, defendants Crocker and wife filed in the state court a petition for removal, alleging that complainant was a citizen of Illinois, that petitioners were citizens of Ohio, that the suit was of a civil nature (being a proceeding in equity to foreclose a trust deed), that petitioners were the only defendants directly interested in the controversy, that all other defendants were only nominal parties, and that petitioners could not obtain justice on account of prejudice or local influence in the court in which the suit was brought, nor in any other state court to which they have the right to remove the cause on account of such prejudice or local influence. The petition for removal is subscribed and sworn to by the solicitor of Crocker and wife, and said

[1] For removal of causes in separable controversy cases, see note to Robbins v. Ellenbogen, 18 C. C. A. 86.

[2] For local prejudice as ground for removal, see note to Schwenk v. Strang, 8 C. C. A. 95.

94 F.—15

solicitor also files his affidavit in said court stating that complainant is the widow and sole devisee of one Albert J. Maher, who was at one time an assessor or other public officer in the state of Illinois; that as such public officer said Maher became acquainted with large numbers of people in the state of Illinois, of more or less political influence; that in consequence thereof large numbers of people in said state are indebted to said Maher for political and other favors; that said influence, prejudice, and obligations now exist and extend to said widow, and that by consequence thereof prejudice and local influence now exist against petitioners; also, that affiant believes the trial judge to be prejudiced against petitioners, and also believes that said prejudice in favor of said widow extends to the other state judges to whom the cause could be removed on account of prejudice or local influence. A copy of the foregoing petition and affidavit was also filed in this court on April 25, 1899, and at the hearing of this matter a petition and affidavit of practically the same purport as above, subscribed and sworn to by said Crocker and wife, was filed herein.

The court holds that in a foreclosure proceeding the controversy is not severable, as between the owners of the equity, the trustee in the trust deed, and subsequent incumbrancers or lienors. Hax v. Caspar, 31 Fed. 499. A trustee in a trust deed is a necessary party to a suit to foreclose. Walsh v. Truesdell, 1 Ill. App. 126; Lambert v. Hyers, 22 Ill. App. 616.

Time within which to file a demurrer is within the terms of the statute with reference to the time within which defendant is required to "answer or plead" to the declaration or complaint. Martin's Adm'r v. Railroad Co., 151 U. S. 686, 14 Sup. Ct. 533. A hearing before the state court upon a demurrer, and a ruling thereon, constitute a "trial of a case," such as to prevent removal. Hobart v. Railroad Co., 81 Fed. 5.

While difference of opinion has been expressed by the different federal circuit courts with relation to the showing required when application is made for removal on account of local influence or prejudice, this court is of the opinion that the better rule is that counter affidavits be allowed, and that it be made to appear to the court that the defendant cannot in reality obtain justice in the state courts on account of such prejudice or local influence.

The reasons shown by petitioners' affidavit herein impress the court as frivolous, and, in addition thereto, there is no proper showing as to the courts, outside of Cook county, to which petitioners would have the right, under the Illinois statute, to remove the cause. The petition for removal is denied, and the cause remanded to the circuit court of Cook county, Ill.