LANTZ **v.** FRETTS et al. MINOR v. SAME. STEPHENS v. SAME.

(Circuit Court, N. D. West Virginia. November 19, 1909.)

REMOVAL OF CAUSES (§ 79*)—TIME FOR FILING PETITION—SUBMITTING TO JURISDICTION OF STATE COURT.

A defendant cannot remove a cause after the hearing and determination of a demurrer by the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135-160; Dec. Dig. § 79.*]

In Equity. Suits by John W. Lantz, Jacob Minor, and Ruth E. Stephens, respectively, against A. E. Fretts and another. On motions to remand to state court. Motions sustained.

The several plaintiffs in these causes filed their bills against the defendants Fretts and Allison—the first two at September rules, 1902; the last one named at January rules, 1903—in the circuit court of Monongalia county, seeking to have certain recorded contracts touching the coal underlying their respective farms, executed by them to defendants, declared null and void, and the clouds thereof removed from their titles. Process was returned not found, the nonresidence of the defendants was shown, order of publication was taken, posted, and matured, and at the February term, 1903, of this state court, decrees were entered in the causes granting to plaintiff in each the relief prayed for. At the October term, 1907, the defendants filed their petitions, under sections 3816 and 3560, Code W. Va. 1906, providing for a rehearing, at the instance of a nonresident not served with process, within five years from the date of the decree or judgment against him, praying such rehearing of the causes, and leave to file demurrers to the bills, for the sole purpose of denying the court's jurisdiction to entertain the said several bills. By orders then entered the prayers of these petitions were granted, upon condition that bonds to secure costs as required by the statute be filed, which were so filed. At January rules, 1908, the defendants filed demurrers to the bills, alleging them to be insufficient in law, for that at the time of the institution of the causes the defendants were nonresidents and without the jurisdiction of the court. At the May term, 1908, of the state court, these demurrers were overruled, and leave was given defendants to answer. At the October term, 1908, petitions were filed by defendants to remove these causes to this court, and an order was entered by the circuit court of Monongalia county directing their removal. Motions to remand have been made, argued, and submitted.

S. F. Glascock and Donley & Hatfield, for plaintiffs.
W. G. Bennett and Goodwin & Reay, for defendants.

DAYTON, District Judge (after stating the facts as above). Did these defendants, by entering their demurrers to the bills for the purpose of questioning the jurisdiction taken over them, and by permitting the state court to pass thereon, submit to the state court's jurisdiction and lose their right to removal?

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prior to Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 508), a cause could be removed from a state court to a Circuit Court of the United States, by reason of diversity of citizenship, at any time prior to final trial had. This act of 1875 restricted such removal to "before or at the term at which said cause could be first tried and before the trial thereof." Act March 3, 1887, c. 373, 24 Stat. 552, as corrected and re-enacted by Act August 13, 1888, c. 866, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), carried the restriction upon such removal to "the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration or complaint." The present statute, having for its purpose to abridge the right of removal previously existing, ought to be so construed and enforced as to effectuate rather than to defeat its obvious purpose. Daugherty v. Western Union Tel. Co. (C. C.) 61 Fed. 139.

It is true that in the case of Tennessee Coal, Lumber & Tan Bark Co. v. Waller (C. C.) 37 Fed. 545, decided shortly after the passage of our present act, it was held that it was "not too late to make the application after a motion to take the bill from the files and a demurrer to the bill have been disposed of"; and in Whiteley Malleable Castings Co. v. Sterlingworth R. Supply Co. (C. C.) 83 Fed. 853, it is held that "appearing in the state court, filing a demurrer to the complaint, and procuring an order discharging an attachment by giving the necessary bond therefor, all before the time at which the defendant is required by the state practice to answer or plead, is not a waiver of the defendant's right to remove, when no action was taken on the demurrer in the state court." And this ruling is supported by a number of cases, such as Duncan v. Associated Press (C. C.) 81 Fed. 417; Conner v. Skagit Cumberland Coal Co. (C. C.) 45 Fed. 802.

But in contravention of the Tennessee C., L. & T. B. Co. Case (possibly, also, of the others), and substantially overruling it, are a large number of others holding that the words of the statute, "to answer or plead to the declaration or complaint," make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said to "oppose or answer" the declaration or complaint. Martin's Adm'r v. B. & O. R. R. Co., 151 U. S. 673, 686, 14 Sup. Ct. 533, 38 L. Ed. 311, 316; Powers v. C. & O. R. R. Co., 169 U. S. 92, 98, 18 Sup. Ct. 264, 42 L. Ed. 673, 675; Wabash W. Ry. v. Brow, 164 U. S. 271, 277, 17 Sup. Ct. 126, 41 L. Ed. 431, 434; First L. B. Corp. v. Conn. River L. Co. (C. C.) 71 Fed. 225; Frink v. Blackinton (C. C.) 80 Fed. 306; Gregory v. Boston, etc., Trust Co. (C. C.) 88 Fed. 3; Maher v. Tower Hotel Co. (C. C.) 94 Fed. 225; Hobart v. Illinois Central R. Co. (C. C.) 81 Fed. 5.

In Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, it is said:

"As the defendant's rights of removal into the Circuit Court of the United States can only be exercised by filing petition for removal in the state court before or at the time when he is required to plead in that court to the juris-

diction or in abatement, it necessarily follows that, whether the petition for removal and such a plea are filed together at that time in the state court, or the petition for removal is filed before that time in the state court and the plea is seasonably filed in the Circuit Court of the United States after the removal, the plea to the jurisdiction or in abatement can only be tried and determined in the Circuit Court of the United States."

From which it would seem that the plea in abatement or to jurisdiction and the petition for removal may be filed in the state court simultaneously at or within the proper time for removal. Whether this would be true as to a demurrer in the nature of a plea to jurisdiction, or whether a question of jurisdiction can be raised by demurrer under federal practice, and, if so, under what conditions, it is not necessary to consider; for it has been expressly determined that, after a hearing and determinaton of a demurrer, a petition for removal comes too late. Rosenthal v. Coates, 148 U. S. 142, 13 Sup. Ct. 576, 37 L. Ed. 399; Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080, 1083; Laidly v. Huntington, 121 U. S. 179, 7 Sup. Ct. 855, 30 L. Ed. 883; Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491.

The motions to remand these causes must be sustained.