## Fearon Lumber & Veneer Company v. Lawson.

(Decided October 8, 1915.)

### Appeal from Pike Circuit Court.

1. Removal of Causes—Jurisdictional Amount—Effect of Counter-claim.—The amount of a counter-claim should not be added to plaintiff's claim to determine the jurisdictional amount necessary for the removal of a case to the Federal court, unless the counter-claim belongs to a class which, by the State laws, is barred unless pleaded in the suit.

2. Set Off and Counter-claim.—In an action to recover for balance due under a contract for hauling and drifting logs, defendant's counter-claim considered and held not of the kind which would be barred unless pleaded in the suit.

3. Removal of Causes—Time For Filing Petition.—Where the jurisdictional amount necessary for the removal of a case to the Federal court appears for the first time in an amended petition, the defendant may file his petition for removal at or before the time he is required to answer or plead to the amended petition, and the time for the application is not shortened by the fact that the allegations of the amended petition are traversed of record before the defendant's time to answer or plead has expired.

4.   Process—Service of summons is necessary on an amended peti·
     tion which states an entirely new cause of action.
5.   Pleading—Amended Petition—Time—Section 367a, Sub-section 3,
     Civil Code.—Under the Practice Act, Section 367a, Sub-section 3,
     Civil Code, the defendant has until the first rule day, after the
     summons has been served ten days in the county, to file his an-
     swer or other plea to an amended petition requiring summons to
     be served, and where a defendant enters his appearance thereto
     by traversing the allegations of the amended petition, he has the
     same time within which to answer or plead.

H. R. DYSARD and ROSCOE VANOVER for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER.—Reversing.

Plaintiff, L. H. Lawson, brought this suit against
the defendant, the Fearon Lumber & Veneer Company,
to recover a balance of $1,469.07 alleged to be due for
work in drifting and hauling saw logs during the years
1909, 1910 and 1911, under a contract by which the de-
fendant agreed to pay plaintiff at the rate of 85 cents
per log for drifting and 14 cents per cube for hauling.
After defendant's motion to require plaintiff to file an
itemized account was overruled, defendant filed an answer
denying the allegations of the petition. Subsequently the
defendant filed an amended answer and counterclaim,
wherein it is alleged that plaintiff had violated his con-
tract, and, by reason thereof, a large number of the logs
which plaintiff had agreed to drift in John's Creek were
left in the creek or on its banks and damaged to the
amount of $2,500. Later on, plaintiff filed an amended
petition, in which he asked judgment for the sum of $400,
which it is claimed defendant agreed to pay plaintiff for
constructing a splash dam. Some time later, the plaintiff
filed a second amended petition, wherein he pleaded that
defendant had agreed, in consideration of plaintiff's con-
struction of a splash dam, to permit him to drift about
7,200 logs, out of which plaintiff claimed that he could
have made a profit of 50 cents a log. The allegations of
the amended petition were traversed of record; also the
allegations of the amended answer and counterclaim.
Later on, the defendant filed his petition and bond for
the removal of the case to the United States District
Court for the Eastern District of Kentucky, on the ground

of diversity of citizenship. The motion for removal was overruled. The case was then referred to the master commissioner to hear proof and report his findings. The commissioner found that there was due plaintiff the sum of $400 on the splash dam, and the sum of $769.07 on logs which plaintiff had actually drifted. He further found that defendant placed in John's Creek about 5,000 logs which it refused to permit plaintiff to drift, and the plaintiff could have made a profit on each log of 40 cents. This element of damage was fixed at $2,000.00, making the total amount found to be due plaintiff $3,169.07. Exceptions were filed to the commissioner's report and overruled. Judgment was then entered in conformity with the report. Defendant appeals.

The first error relied on is the refusal of the trial court to order a removal of the case to the United States Court. The question turns on whether or not the petition for removal was filed in time. By the act of Congress the petition for removal must be filed ''at the time or at any time before the defendant is required by the laws of the State, or the rule of the State court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff.'' The original petition asking judgment for $1,469.07 was filed September 23, 1911. The original answer was filed February 29, 1912. Defendant's answer and counterclaim was filed February 21, 1913. The amended petition, asking for damages in the sum of $5,000, was filed May 30, 1913. On the same day its allegations were traversed of record. The petition and bond for removal were filed on June 2, 1913. The trial court was of the opinion that the amount of defendant's counterclaim for $2,500 could be added to the amount of plaintiff's claim for the purpose of determining the jurisdictional amount necessary for the removal of the case, and declined to remove the case on the ground that the petition for removal was not filed until about three and one-half months thereafter, and was, therefore, too late. Whether the amount of the counterclaim pleaded by the defendant should be added to plaintiff's claim to determine the jurisdictional amount has been the subject of conflicting adjudications. It is ordinarily held that no suit can be removed, under the act of Congress, to the Federal court, which could not have been originally instituted in that court. Wahl v. Franz, 100 Fed., 680, 40 C. C. A., 638, 49 L. R. A., 62;

State of Tennessee v. Union & Planters' Bank, 152 U. S., 461, 462, 14 Sup. Ct., 654, 38 L. Ed., 511; Railroad Co. v. Davidson, 157 U. S., 201, 15 Sup. Ct., 563, 39 L. Ed., 672. It would seem, therefore, that where the plaintiff's claim does not confer jurisdiction, defendant cannot, for removal purposes, increase the jurisdictional amount by a counterclaim, unless the counterclaim belongs to a class which, by the State law, is barred unless pleaded in the suit. Where not of this class, the defendant may litigate the matter in a separate action and to that end may select his own tribunal. McKown v. Kansas & T. Coal Co., 74 Fed., 657. Section 17 of our Code provides:

"A judgment obtained in an ordinary action shall not be annulled or modified by any order in an equitable action, except for a defense which arises or is discovered after rendition of the judgment. But such judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counterclaim in the action."

It will be observed that a judgment does not prevent the recovery of any claim which was not, though it might have been, used as a defense by way of set-off or counterclaim in the action. However, in construing this section, it has been held that where a judgment goes against the defendant, and he afterwards sues the plaintiff on a claim which he might have presented in the first suit, but did not, if the facts which he must establish to authorize his recovery are inconsistent with the facts on which the plaintiff recovered in the first action, or are in direct opposition to them, the former judgment is a bar. Jefferson, Noyes & Brown v. Western National Bank, 144 Ky., 62. In his original petition plaintiff asks for a balance alleged to be due for work actually performed. The defendant's counterclaim was for damages for his failure to do other work required by the contract. To authorize a recovery on the counterclaim, if brought in a separate action, it would not be necessary to establish facts opposed to or inconsistent with the facts which the plaintiff would have to establish in order to recover on his original petition. We, therefore, conclude that the counterclaim was not one which would be barred unless pleaded in the present suit, and the amount thereof cannot be added to plaintiff's claim for the purpose of increasing the amount necessary to authorize a removal.

It is apparent, therefore, that the jurisdictional amount of $3,000, as fixed by the Judicial Code (Act March 3, 1911, c. 231, Sec. 28), was not reached until the filing, on May 30, 1913, of the amended petition asking damages in the sum of $5,000. Then, for the first time, the case became a removable one under the act of Congress. The question is, was the petition for removal filed at or before the time defendant was required to answer or plead to the amended petition? While it is true that the allegations thereof were traversed of record on the same day, this fact does not affect the case, for it is settled that the time to remove a case is not shortened by the pleading of defendant before his time to plead has expired. Atlanta, etc., R. Co. v. Southern R. Co., 131 Fed., 657, 66 C. C. A., 601; Champlain Constr. Co. v. O'Brien, 104 Fed., 930; Whiteley Malleable Castings Co. v. Sterlingworth R. Supply Co., 83 Fed., 853; Brisenden v. Chamberlain, 53 Fed., 307; Conner v. Skagit Cumberland Coal Co., 45 Fed., 802; Tennessee Coal, etc. Co. v. Waller, 37 Fed., 545; Gavin v. Vance, 33 Fed., 84. When was defendant required to answer or plead? The cause of action stated in the original petition was for work actually done under the contract. The cause of action stated in the amended petition was for damages growing out of the refusal of the defendant to permit plaintiff to complete the contract. An entirely new cause of action was set up by the amended petition. That being true, summons on the amended petition was necessary. Cecil v. Sowards, 10 Bush, 96; Rutledge v. Vanmeter, 8 Bush, 354. Under the Practice Act, Section 367-a, Subsection 3, Civil Code, the defendant has until the first rule day, after the summons has been served ten days in the county, to file his answer or other plea. By traversing the allegations of the amended petition plaintiff entered his appearance thereto. This was equivalent to service of summons and gave defendant the same time within which to answer or plead. Since, under the above provisions of the Code, defendant had at least ten days after his appearance in which to answer or plead, it follows that the petition for removal, which was filed within three days after his appearance and answer, was in due time. We, therefore, conclude that the trial court should have ordered a removal of the case to the Federal Court.

Judgment reversed and cause remanded for proceedings consistent with this opinion.