## City of Henderson v. Herron

(Decided February 19, 1913.)

### Appeal from Henderson Circuit Court.

1. Municipal Corporations—Drainage of Sewage Into Creeks.—The right of a municipality to use a creek as an outlet for its surface drainage does not authorize the use of the creek as a receptacle for the contents of the sewers of the municipality, the latter being a wholly different use, and one that necessarily proves hurtful to persons who own or reside on lands contiguous to the stream.

2. Nuisance—Municipal Corporations—Drainage.—The use by muni-

cipalities of a stream as a receptacle for the contents of the sewers of the city, constitutes both a public and private nuisance, for which the owners of adjoining lands may maintain an action against the city for damages.

3. Nuisance—Recovery for—Notice to Abate.—Where such sewers were constructed within five years next before the institution of the action for damages, and the resulting injuries were sustained within that time, the property owner's right to recover was not dependent upon a previous notice and request to the municipality to abate the nuisance.

4. Nuisance—Recurring Recoveries.—Where damages are recoverable only for the pollution of a stream by a municipality, the injuries are temporary; and, where the sewers are readily removable or capable of being so changed as to prevent the emptying of their contents into the stream, the case is one which permits recurring recoveries, for similar injuries, similarly inflicted from time to time.

5. Nuisance—Temporary Injuries—Recovery for Limited to Five Years.—Where the injuries are temporary, and recurring recoveries are permitted, the property owner's right to recover damages is confined to five years next before the institution of the action.

6. Damages—Measure of for Temporary Injuries Inflicted by Nuisance.—In an action to recover damages for temporary injuries to land occasioned by the pollution of a stream upon which it borders, the measure of damages is the diminution in value of the use of the property owned or occupied by the plaintiff, during the continuance of the nuisance or injury covered by the period for which the action is brought.

JOHN C. WORSHAM, for appellant.

S. V. DIXON and W. P. M'CLAIN, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellee recovered a judgment against the appellant for $600.00 damages to appellee's property lying upon Canoe Creek in the outskirts of the City of Henderson, and for the impairment, use and enjoyment of his home, caused, as it is claimed, by the drainage of sewage from the City of Henderson into Canoe Creek from two separate sewers, which had been constructed and maintained by the appellant. In so far as the case is against the City of Henderson, it is a companion case to City of Henderson v. Robinson, lately decided, and reported in 152 Ky., 245; the only difference being that in this case the city was the only defendant, while in the Robinson case the Kentucky Distilling Co., and Kraver, the owners of distilleries situated upon the creek, were joined as defendants because they had permitted the slops from their distilleries to run into Canoe Creek, and in that way aided and added to the nuisance and damage.

It is unnecessary here to re-state the contentions of the respective parties as shown by their pleadings, or the material parts of the evidence, since this case, in all material respects, is on all fours with the Robinson case.

Appellant asks a reversal upon three grounds; (1) that since the City of Henderson had drained its sewage into Canoe Creek with the acquiescence of appellee for 18 years, it had acquired a prescriptive right so to do; (2) that before appellee could recover damages it was necessary for him to notify appellant to abate the nuisance; and, (3) error in the instructions.

These several defenses were considered at length in City of Henderson v. Robinson above referred to. In that opinion we answered the first and second grounds here relied upon for a reversal, as follows:

"Appellant's contention that the refusal of a peremptory instruction was error is bottomed on the theory that its long use of Canoe Creek as an outlet for its surface drainage, gave it a prescriptive right to use it as a receptacle for the contents of its sewers. This cannot be so. We deem it unnecessary to decide whether appellant's alleged right by prescription to the use of the creek for surface drainage is maintainable, but, if it be conceded that it had such right, it cannot be invoked to authorize the use of the creek as a receptacle for the contents of its sewers, which is a wholly different use and one that necessarily proves hurtful to persons who own or reside on lands upon or contiguous to the stream. The latter use therefore constitutes both a public and private nuisance the continuance of which by the city, wrongs each of the appellees, because of the pollution of the water of the creek so as to render it unfit for stock water, and the air, so as to make their homes at times uninhabitable. The thing complained of by the appellees, is not the former draining of surface water into the creek, but of its being befouled by the human excrement and other poisonous matter emptied into it through the sewers. In other words, the wrongful act of appellant in constructing its sewers in such a manner as to drain their contents into the creek and its negligence in making such use of the creek, are the wrongs complained of. As the sewers were constructed within five years next before the institution of these actions, and the resulting injuries were sustained within that time, appellees' right to recover was in no

way dependent upon a previous notice and request to appellant to abate the nuisance, or affected by the statute of limitations, upon which appellant seems to rely, although insufficiently pleaded.''

The Robinson case was reversed, however, because the instructions were erroneous, in that they failed to confine appellee's recovery to damages which the property owner had sustained within five years next before the institution of the action, and also because of their failure to properly define the measure of damages.

In condemning the instructions given in that case, we held that as damages could be recovered only for the pollution of the creek, and not for its previous use as an outlet for surface drainage, the injuries were temporary; and as the sewers were readily removable or capable of being so changed as to prevent the emptying of their contents into the creek, the case belonged to the class referred to in M. H. & E. R. R. Co. v. Graham, 147 Ky., 604, which permitted recurring recoveries, for similar injuries, similarly inflicted from time to time. In such cases the property owner's right to recover damages is confined to five years next before the institution of the action; and the instruction in the Robinson case was erroneous because it failed to so confine the recovery.

And, we further held in the Robinson case that the measure of damages applicable to cases of this character is the diminution in value of the use of the property owned or occupied by the plaintiff, during the continuance of the nuisance or injury covered by the period for which the action was brought. The instruction upon the measure of damages failed to so limit the recovery, and was condemned for that reason. The same defects are found in the instructions in the case at bar. The instructions that should be given upon a retrial of the case are set forth in detail in the opinion in the Robinson case, and need not be repeated here.

For the errors in the instructions the judgment will have to be reversed and the cause remanded for a new trial.