# Cumberland Railroad Co. v. Bays, et al.

(Decided March 28, 1913.)

## Appeal from Knox Circuit Court.

1. Nuisance—Action Against Railroad for Damages for Creating—Constructing Embankment So As to Form Pond of Stagnant Water—Injury to Health.—In an action against a railroad company for damages resulting from its alleged negligence in erecting an embankment through its right of way which so changed the course of a creek as to form and maintain a pond of stagnant water so situated with reference to appellee's residence as to pollute the air surrounding it with foul and unwholesome odors and cause annoyance, inconvenience and illness, the fact that the track and trestles had been there for more than five years could not bar the action for a nuisance kept and maintained within five years.

2. Nuisance—Instructions.—In such an action the defendant cannot complain of an instruction limiting the recovery to any injury suffered within the year before the filing of the petition, but as the cause of action set up in the petition was one essentially for damages for the depreciation in the value of the use of plaintiff's residence, as well as the inconvenience by reason of the foul and unwholesome odors, the five years statute was applicable, and the instruction limiting the recovery to any injury suffered within one year before the filing of the petition was prejudicial to appellees.

3. Nuisance—Operation of Railroad—Burying Carcass of Dead Animals—What Will Not Justify Giving of Instruction Authorizing Punitive Damages for Causing Nuisance.—It is one of the incidents in the operation of a railroad that the carcasses of dead animals killed by the train must be disposed of, and the mere fact that they are buried along the right of way, and that such burial may result in inconvenience or injury to some adjacent resident, does not show such a reckless disregard of the rights of others as would justify the giving of an instruction authorizing the assessment of punitive damages.

4. Nuisance—Injury to Health—Evidence—Admonition of Court as to Purpose of.—The evidence that the health of plaintiffs was affected may be admitted as illustrating the extent to which the value of the use of the property was diminished by the nuisance; but the court should admonish the jury of the purpose for which it is admitted.

P. D. BLACK, JAMES D. BLACK, B. B. GOLDEN and HIRAM H. OWENS for appellant.

J. D. TUGGLE for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In 1905 appellant constructed its railroad along Brush Creek in Knox County, a part of its right of way along that creek having been bought from the appellee, C. H. Bays. In its construction through the right of way purchased from Bays, by reason of the meanders of the creek, it became necessary for appellant to erect certain embankments, and thereby change the course of the creek; the old bed of the creek was in a depression, and at a place where there had formerly been a deep hole of water; after the change this formed a pond of considerable dimensions along the railroad track near the county road, and near a residence on appellee's land. The nearest point of the pond to the house is about forty feet.

The house had been constructed at the time of the filing of the suit only about six years, and the appellees had lived in it only about three years.

Appellees are husband and wife and instituted this action against appellant alleging that it had negligently and continuously maintained a pond of stagnant water along its right of way within a short distance of their residence, and suffered and permitted the same to be, and become, and remain stagnant and foul, and that the said pond was the receptacle of foul and unwholesome water, and other unhealthy substances, and that the defendant through its agents and employees had negligently caused to be cast into said pond carcasses of dead animals, and other unhealthy and obnoxious substances, and permitted the same to remain in said pond, and along its right of way adjacent thereto, and that by reason of all of these things, the pond became and remained foul and obnoxious, and unwholesome and unhealthy, and that bad odors and stenches arose therefrom, and polluted the air, all of which rendered their home and surroundings unhealthy, uncomfortable, and offensive, and caused them great annoyance, discomfort, inconvenience and illness, and disturbed the possession, occupancy and enjoyment of their home, and prayed for damages.

In addition to a denial appellant relied upon three other defenses:

1. That appellees were estopped to prosecute the action because the conditions of which they complained existed at the time they took up their residence at the house mentioned.

2. That the railroad track and trestles which it had constructed, and the construction of which had brought

about the existence of the pond in question, were of a permanent and lasting nature, and that the pond complained of, and each and every feature of damage referred to in the plaintiffs' pleadings, existed from the time of the construction of the railroad, which was more than five years before the beginning of this action, and plaintiffs were thereby barred.

3. It relies upon the one year statute as a bar to recovery for negligence.

For reply to the first defense appellees stated that at the time they moved to the house, it was in cold weather, and the conditions complained of did not exist then, and in fact only existed during warm weather and at low stages of the water. Clearly the fact that the track and trestles had been there more than five years could not bar this action for a nuisance kept and maintained within five years.

The court in its instruction limited the recovery of the plaintiffs to any injury suffered by them within one year before the filing of their petition, and there can be no complaint of this by appellant.

The most serious error urged is that the lower court gave an instruction authorizing a finding of punitive damages by the jury, it being insisted that the evidence does not authorize it. The evidence satisfactorily shows that at low stages of the water in the summer and fall, the pond was very foul, covered with a greenish scum and emitted very disagreeable odors; it further shows that upon several occasions the employees of appellant had thrown in, or buried along the banks of the pond the bodies of dead animals, presumably killed by the train. It is one of the incidents in the operation of a railroad, that the carcasses of dead animals killed by the train must be disposed of, and the mere fact that they are buried along the right of way, and that such burial may result in inconvenience or injury to some adjacent resident, does not show such a reckless disregard of the rights of others as would justify the giving of an instruction authorizing the assessment of punitive damages.

But the court in its instructions was guilty of an error against the appellees.

It confined their recovery to the injury occurring to them within one year before the filing of this action. The cause of action set up in the petition was essentially one for damages for the depreciation in the value of the use

of their residence as well as for the personal inconvenience by reason of the foul odors, and in such a case the five year statute is applicable. City of Henderson v. Robinson, 152 Ky., 245.

The evidence that the health of the plaintiffs was affected may be admitted as illustrating the extent to which the value of the use of the property was diminished by the nuisance; but the court should admonish the jury of the purpose for which it is admitted.

As there must be a new trial of this case, the lower court upon that trial will give the following instructions:

1. If the jury believe from the evidence that the defendant by its agents or servants within five years next before the filing of plaintiff's petition, and while plaintiffs were living at the house in question, negligently and carelessly permitted carcasses of dead animals to be thrown in, and remain in said pond along its right of way near plaintiffs' residence, or buried the same in or along the edge of said pond upon its right of way in such a negligent or careless manner as that said carcasses when they came in contact with the earth, or with the mud and water, became and remained foul, unwholesome or offensive, and that by reason thereof foul, unwholesome or offensive odors or stenches arose therefrom, and permeated the air in and around plaintiff's said dwelling house so as to impair the reasonable use, comfort and enjoyment by the plaintiffs, or either of them, of their home or lands, you will find for the plaintiffs such sum in damages as you may believe from the evidence they have sustained thereby, not to exceed in all the sum of $10,000.00.

2. Unless you believe from the evidence as set forth in instruction number one, you will find for the defendant.

3. The defendant had the right, and it was its duty to bury the carcasses of the dead animals that were killed by the operation of its trains, but in so doing, it was its duty to use ordinary care in the manner and place of burying such carcasses, and if you shall believe from the evidence that the defendant through its said agents and employees did exercise such care in burying the same, you will find for the defendant, although you may believe from the evidence such foul odors and stenches did escape therefrom.

4. If you find for plaintiffs under instruction No. 1, you will find for them such sum in damages, if any, as

you may believe from the evidence will fairly compensate them for the diminution, if any, in the value of the use and enjoyment of their residence and lands owned or occupied by them.

5. Ordinary care as used in this instruction means that degree of care which an ordinarily prudent person would usually exercise under facts and circumstances similar to those given in evidence; and absence of such care is negligence.

For the error indicated the judgment is reversed with directions to grant appellant a new trial.