### Theo. Lewis, Clerk v. Bullock.

(Decided June 20, 1913.)

## Appeal from Fayette Circuit Court.

Elections—Primary Elections—Appeal.—No appeal lies to this court from a decision of a circuit court directing a county clerk to accept as sufficient a petition nominating a person as a candidate in a primary election.

HUNT, BULLOCK & HUNT, KIMBALL & HUNTER and GEO. R. HUNT for appellant.

JOHN R. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing Appeal.

The appellee, a candidate for the office of County Superintendent of Common Schools in Fayette County, presented a petition to the Clerk of the Fayette County Court, nominating her as a candidate for this office in the primary election to be held in August. The petition, omitting the women who signed it, did not contain the requisite number of qualified electors, although if the women who signed the petition have the right to vote for candidates for the office of County School Superintendent, the petition did contain the required number of names. The Clerk of the County Court being doubtful of the right of women to vote for candidates for this office, declined to recognize the validity of the petition, and thereupon the appellee instituted mandamus proceedings in the Fayette Circuit Court. That court decided that women had a right to vote for candidates for this office and therefore had the right to sign the petition of appellee as a candidate before the primary and entered a judgment directing the clerk to receive the petition of the appellee and put her name in the list of candidates for this office at the primary election. From this judgment, the clerk, in order to have the question of the right of women to vote for County School Superintendent decided and his duties defined, has prosecuted this appeal.

In the opinion in the case of Hager v. Robinson, this day handed down, we decided that under section 27 of the primary election law no appeal lies from the decision of a circuit or county court or judge thereof on questions similar to the one presented in this case. The reasons for so ruling are fully stated in the opinion referred to, and it is not necessary to repeat them here. It is, however, to be regretted that the much disputed public question of the right of women to vote for the office of County Superintendent of Schools cannot be definitely settled in this case, but as we have no jurisdiction of the appeal, it would be obviously out of place to consider the question.

The appeal must be dismissed for want of jurisdiction, and it is so ordered.