## Phoenix-Jellico Coal Company v. Grant.

(Decided May 20, 1914.)

### Appeal from Laurel Circuit Court.

1. Pleading—Amended Petition—Departure—Inconsistent Pleading.— An amended petition for damages which specified the items and grounds of damages, was not a departure from, or inconsistent with the original petition which claimed damages generally and which necessarily resulted from the wrongful act which was the subject of the action.
2. Pleading—Filing Amended Petition During Trial—Continuance— Practice.—Where an amended petition was filed during the trial, the defendant, if he desired a continuance of the trial, should have informed the court by affidavit, or otherwise, why he could not continue with the trial in consequence of the amendment, so that the court might know the reasons for the continuance and rule intelligently thereon. In the absence of such a showing it will be presumed the trial court ruled correctly.

SAM C. HARDIN for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is an action by appellee upon a supersedeas bond. In August, 1905, appellant leased to Grant several hundred acres of undeveloped coal lands in Laurel county for a term of four years and nine months, under a contract which bound appellant to furnish Grant with mine cars, tracks, tip-house, and timber for mining purposes, and for which Grant was to pay. By an amended supplementary contract of June 1, 1906, Grant admitted an indebtedness to appellant of $2,239.22, which he agreed to pay in monthly installments of $100.00, and in case of his failure to pay two monthly installments the leasehold and property should be treated as sold to appellant for its debt of $2,239.22, as above related. Grant having defaulted in his payments, appellant took possession of Grant's leasehold and property on October 6, 1906, and proceeded to operate the mine.

On June 29, 1907, Grant sued appellant charging that the amended contract of June 1, 1906, had been procured by fraud, and that it had only been intended to give appellant a lien for its advancements. In that case Grant was successful in the circuit court, whereupon appellant appealed and superseded the judgment by a bond dated July 5, 1909. The judgment of the circuit court was affirmed by this court on February 15, 1910 (136 Ky., 751), and appellant's petition for rehearing was overruled on April 28, 1910. On June 9, 1910, this action was instituted upon the supersedeas bond for $4,500.00 damages based upon appellant's act of obtaining ''an extension of time in which to file a petition for rehearing and in that way caused said supersedeas to remain in force until April 28, 1910.''

Grant recovered a judgment for $2,500.00 and the Company appeals, alleging two grounds for a reversal: (1), that the trial court improperly permitted Grant to file an amended petition at the end of his evidence, and (2), that it again erred in refusing appellant a continuance after the amended petition had been filed. There is no bill of exceptions here. Appellant insists, however, that the errors complained of can properly be raised in the absence of the evidence.

(1). The amended petition specified, in appropriate terms, the items of appellee's damage by showing the amount of coal he could have mined during the period stated in the original petition, and the profit thereon.

Appellant insists this was a variance and that the court should have rejected the amendment.

We do not so consider it. Both petitions were based upon appellee's loss in his mining business by reason of appellant's keeping him out of the possession of his property; the amendment being only a more specific statement of the loss. The original petition was sufficient under the rule that damages which necessarily and generally result from the wrongful act which is the subject of the action, may be recovered under a general claim for damages. Moore v. Linneman, 143 Ky., 231; Perkins v. Ogilvie, 148 Ky.. 314; Smith v. Perry, 13 Ky. L. R., 683. That being true, an amendment specifying the items of damage did not constitute a departure from the original cause of action, and was properly admitted under section 134 of the Civil Code of Practice, which authorizes the trial court, at any time, to permit a pleading to be amended in the furtherance of justice.

(2). Neither did the trial court err in overruling appellant's motion for a continuance, upon the filing of the amended petition, for the reason that no ground was shown for a continuance. If appellant was surprised by the filing of the amendment and was not prepared to meet it by reason of the absence of witnesses, or for any reason, the motion for a continuance should have been supported by an affidavit showing the ground therefor, and if for the absence of witnesses it should have complied with section 315 of the Civil Code. Appellant offered no affidavit in support of its motion for a continuance.

After an action has been regularly called for trial, be it either an ordinary or an equitable action, the verbal statement that a party is not ready for trial, is no ground for a continuance. If his opponent calls for an affidavit showing his grounds for a continuance, it is the trial court's duty to require it in order that the showing of diligence may be passed upon, and that it may be met by other affidavits if they be deemed advisable. And, if the loser fails to support his motion for a continuance with the proper affidavit, there is nothing to show any error upon the part of the trial court in overruling his motion, and, consequently, nothing for this court to review.

In speaking of section 136 of the Code, in Troendle Coal Co. v. Morgan Coal C. & M. Co., 114 S. W., 313, we said:

"Under this provision, when an amended pleading is filed on the eve of the trial, or during the trial, or out of the regular order of procedure, the adverse party, if he desires a continuance, should inform the court by affidavit or otherwise why the amended pleading is of such a nature as that he cannot be ready for trial in consequence thereof, so that the court may know the reasons for asking a continuance and rule intelligently thereon. As counsel for defendant did not observe this practice, we are not disposed to say that the court erred in refusing to grant a continuance upon this ground."

Judgment affirmed.