## Metropolitan Trust Company v. Tracy, Judge.

(Decided October 27, 1916.)

### Petition for Writ of Prohibition.

Pleading—Amendment Presenting New Cause of Action—Process. —Process must be issued upon and service had upon an amended pleading which presents a new and distinct cause of action from that set out in the original pleading, the defendant having had no notice of the new claim asserted in the amendment; and any judgment rendered on the cause of action set up in the amendment without process is void.

H. O. WILLIAMS for petitioner.

S. D. ROUSE, JOHN T. MURPHY and MYERS & HOWARD for respondent.

OPINION OF THE COURT BY JUDGE TURNER—Granting the writ.

In July, 1916, Fred and Henry Middendorf filed an equitable action in the Kenton Circuit Court for themselves and other stockholders of the Metropolitan Fire Insurance Company against said fire insurance company, the petitioner, the Metropolitan Trust Company, and Charles E. Dexter.

In the original petition it was sought to have a receiver appointed for the fire insurance company, but the only relief sought against the trust company and Dexter was to have them account to the fire insurance company for certain money or assets alleged to have belonged to the fire insurance company and held by them, and that certain notes executed by the plaintiffs be cancelled, and that all of the defendants be enjoined from

transferring or assigning the notes; but no receiver was sought against the trust company, and there were no allegation in the original petition looking to that end.

After there had been a hearing on the application for a receiver for the fire insurance company, an amended petition was filed wherein it was alleged in substance that the trust company had been incorporated ostensibly for the purpose of underwriting the business of the fire insurance company, but really as a part of a fraudulent scheme conceived and devised by Dexter to defraud the stockholders of the fire insurance company or those who might become stockholders therein; that the trust company had in its possession assets and property belonging to the fire insurance company and certain books, papers and documents showing the condition of the fire insurance company, and that the trust company was largely indebted to the fire insurance company, and that because of the facts the assets of the fire insurance company were in danger of being wasted, lost or dissipipated, and the prayer was for the appointment of a receiver for the petitioner, the Metropolitan Trust Company.

Immediately upon the filing of this amendment, the Court having already heard the evidence on the motion to appoint a receiver for the fire insurance company, and on the same day of the filing of the amendment, without the issual of any process on the amendment against the trust company, or the giving of any notice to it, proceeded to, and did, appoint a receiver for it.

This is an application by the trust company for a writ of prohibition against the Judge of the Kenton Circuit Court prohibiting him from enforcing or further proceeding under this order appointing a receiver for such company.

Clearly the allegations of the amendment set up a new cause of action against the petitioner, and relief is sought against it which was not sought in the original petition, and it therefore presents an entirely independent cause of action upon which process should have been issued and the petitioner brought before the Court before any action was taken under it.

The rule is that process must be issued upon and service had upon an amended pleading which presents a new and distinct cause of action from that set out in the original pleading, the reason being that he has had

no notice by the original pleading of any such claim against him or of any such relief sought against him. U. S. F. & G. Co. v. Carter, 26 Rep. 665; Cecil v. Sowards, 10 Bush 96; Rutledge v. VanMeter, 8 Bush 354.

It is apparent that the defendant was not before the Court on the new cause of action set up in the amended petition, and the order appointing a receiver thereunder was void.

For the reason indicated the writ is granted and directed to be issued.