### Foreman v. Walters, et al.

(Decided December 7, 1917.)

#### Appeal from McCracken Circuit Court.

1. Pleading—Amendment of Caption—Service of Summons.—In an action to recover the amount of a note which had been indorsed by her testator for the accommodation of the defendant, and

which the plaintiff, following the death of the testator, was compelled as his executrix to pay, the amending of the petition by interlining in the caption thereof, following the name of the plaintiff, words showing that she sued as executrix of the testator; and in the body thereof other words to the effect that she paid the note as executrix of the testator, made no such material change in the claim sued upon or cause of action, as required the issuance or service upon the defendant of another summons; the only object and effect of the amendments being to perfect a cause of action already imperfectly stated in the petition.

2.  Pleading—Amendments—Process.—It is a well recognized rule that new process is not necessary on an amended petition, unless the amendment materially changes the grounds of complaint, or sets up a cause of action different from that originally stated. Ordinarily, a defendant served with process, is bound to take notice of all subsequent proceedings in the action.

JOHN R. GROGAN and W. MIKE OLIVER for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

The reversal of the judgment rendered by the circuit court in this case is asked by the appellant on the ground that the amending of the petition, by certain interlineations, permitted by that court, made such a material change in the claim sued on, or cause of action, as rendered necessary the issuance and service upon appellant of another summons in the case; and that as this was not done, the court was without jurisdiction to render the judgment appealed from. In the form originally drafted and filed, the petition in stating the name of the appellee as plaintiff in the caption did not follow it with the words "executrix of H. W. Walters, deceased," or "executrix of the will of H. W. Walters, deceased." In the body of the petition, however, it was alleged that H. W. Walters died testate, domiciled in McCracken county; that appellee was named in the will as executrix and that by an order of the McCracken county court she was appointed and duly qualified as the executrix thereof. It was also alleged in the petition that on November 20th, 1909, the appellant, S. E. Foreman, by his certain promissory note of that date, signed and delivered by him, promised to pay the City National Bank of Paducah six months thereafter $1,000.00; that at his request and for his accomodation alone the testator, H. W. Walters, became and made himself the endorser of the note; and

that thereafter upon the maturity of the note it was dishonored by appellant's failure to pay it; for which reason it was then paid by appellee, H. W. Walters, the endorser, having died before the maturity of the note. The prayer of the petition simply asked judgment against the appellant for the amount of the note with interest from the time of its payment by appellee and her costs expended in the action.

A special demurrer filed to the petition by the appellant directed the court's attention to the omission from the caption of the petition of the words "executrix of the will of H. W. Walters, deceased." The special demurrer was sustained and thereafter appellee was permitted to amend the petition by interlining after her name appearing in the caption the words "executrix of H. W. Walters, deceased;" and in the body of the petition in connection with the allegation as to the payment of the note by her words declaring that such payment was made by her "as executrix of H. W. Walters, deceased." Appellant did not except to the ruling of the court, allowing the amendment, nor did he by demurrer, answer or otherwise make any further defense to the action. He does not contend that he has or could have made any defense to the action, or deny that he owes the debt sought to be recovered therein. His only claim is that he is required by the judgment to pay a just debt in an improper manner. Civil Code, section 134, provides:

"The court may at any time in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, *by adding or striking out the name of a party; or, by correcting a mistake in the name of a party; or a mistake in any other respect;* or by inserting other allegations material to the case; or, if the amendment do not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In this case the amendment permitted by the court only went to the extent of making a correction for the purpose of setting forth the capacity in which the plaintiff sued; that is, that the recovery was not sought in her own behalf as an individual, but in her fiduciary capacity, as the executrix of the will of H. W. Walters, deceased; which fiduciary relation was otherwise fully set forth and described in the body of the petition. Manifestly, the amendments allowed made no substantial or material change in the claim sued upon, or

cause of action; and could have made none in any defense that might have been interposed by the appellant to the action. It merely corrected mistakes or omissions patently appearing in the caption and body of the petition and perfected the cause of action already imperfectly stated in that pleading. In Newman's Pleading and Practice, section 576, it is said:

"The Code declares that the plaintiff may, at any time before answer, amend his petition without leave. This amendment may consist not only in correcting any statement of fact already alleged in the petition, but it may go to the extent of adding new and distinct matter. If, therefore, at any time before answer, it is discovered that an omission or a false statement of a fact has been made in the petition, the plaintiff may amend not only by stating the fact correctly, and even by adding new parties, plaintiff or defendant, but he may add new and distinct causes of action existing at the time of filing the original petition."

The plaintiff may without doubt amend his petition by inserting any allegations material to the case, or which may be necessary to explain or to perfect the cause of action originally stated or attempted to be stated; and where the plaintiff had omitted an allegation, without which there was no good cause of action, he may supply the defect by an amendment. Newman's Pleading and Practice, sections 586 and 609. Heckman's Admr. v. L. & N. R. R. Co., 85 Ky. 631; L. & N. R. R. Co. v. Hall, 167 Ky. 599.

It is also well settled in this jurisdiction, as elsewhere, that new process is unnecessary on an amended petition, unless it materially changed the grounds of complaint, or set up a cause of complaint different from that originally stated; and it is a general rule that a defendant served with process is bound to know all subsequent proceedings taken in the suit and need not again be served with process upon new pleading. Newman's Pleading and Practice, section 579; Joys v. Hamilton, 10 Bush 544, L. C. & R. Co. v. Case, 9 Bush 728; Gray v. Alderson's Admr., 123 S. W. 317.

No reason whatever having been shown for disturbing the judgment it is affirmed.