## Mize v. Boston.

(Decided October 7, 1919.)

### Appeal from Laurel Circuit Court.

1. Appeal and Error—Review—Granting of Motion for New Trial.— Unless an abuse of discretion clearly appears, the action of the trial court in granting a new trial will not be disturbed on appeal.

2. Appeal and Error—Granting of New Trial—Newly Discovered Evidence—Abuse of Discretion.—Where, upon a trial, the evidence that defendant did not execute and deliver a particular deed was unsatisfactory, and after the trial the record of a divorce case, which had been out of the clerk's office for some time prior to the trial, was discovered, and this record contained a deposition of the defendant in which he stated that he had deeded the land in controversy to his wife, there was no abuse of discretion in granting the new trial on the ground of newly discovered evidence.

3. Deeds—Delivery—Prima Facie Evidence—Burden of Proof.—Proof that a deed had been acknowledged by the defendant, and had been on record for about twenty years, was sufficient to make out a prima facie case of delivery, and to impose on the defendant the burden of proving the contrary.

4. Appeal and Error—Review—Absent Witness—Affidavit—Harmless Error.—The refusal to permit an affidavit for continuance to be

read as a deposition of an absent witness was not prejudicial error, where the only admissible portion of the affidavit was lacking in probative force.

5.    Adverse Possession—Champerty—Husband and Wife.—Where lands of a wife are jointly occupied by her and her husband, his possession is not adverse to her so as to support a title by adverse possession, or sustain the plea of champerty.

6.    Homestead—Divorce.—An absolute divorce terminates the husband's right of homestead in his wife's property, where the decree is silent on the question.

BRUNER & BEGLEY and B. G. REAMS for appellant.

J. M. ROBSION and J. W. MOREN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Artie A. Boston, as administratrix of her husband, S. W. Boston, sued Elizabeth Mize and recovered judgment for $800.00. An execution was issued and levied on five small tracts of land, four of which were conveyed to Elizabeth Mize by her husband, H. H. Mize, by deed dated September 14, 1895, and recorded in the Laurel county clerk's office, while the remaining tract was conveyed to Elizabeth Mize by Cape Jones by deed dated March 9, 1907, and recorded in the Laurel county clerk's office. These tracts were sold and Artie A. Boston became the purchaser, and received therefor a sheriff's deed dated October 23, 1913.

Artie A. Boston, as administratrix, then sued H. H. Mize to recover the five tracts of land. H. H. Mize interposed a plea of adverse possession and champerty. Pending the action, Elizabeth Mize sued H. H. Mize for divorce, and obtained a divorce in the month of March, 1916. After the granting of the divorce, H. H. Mize filed an amended answer, alleging that he did not execute or deliver the deed for the four tracts of land.

The first trial resulted in a verdict for Artie A. Boston for the Cape Jones tract of land, and for the defendant for the other four tracts. A new trial was granted. On the second trial the jury returned a verdict in favor of Artie A. Boston for the four tracts of land. H. H. Mize appeals.

It is first insisted that the trial court erred in granting the new trial after the first verdict. It is the estab-

lished rule in this state that the action of the trial court in granting a new trial will not be disturbed on appeal unless an abuse of discretion clearly appears. Norvell v. Paducah Box & Basket Co., 157 Ky. 703, 163 S. W. 1106. One of the grounds for the new trial was newly discovered evidence. It developed on the hearing that the record of the divorce case had been out of the clerk's office for some time prior to the trial, and that after the trial the record was discovered. In the record was the deposition of H. H. Mize, in which he stated that he had deeded the four tracts of land to his wife, Elizabeth. In view of the unsatisfactory character of the evidence tending to show that he did not execute and deliver the deed, and of the strong probative force of the admission contained in his deposition, it is clear that the court did not abuse its discretion in granting the new trial.

Another contention is that the evidence of the delivery of the deed from the defendant to his wife was not sufficient to take the case to the jury, and that the court erred in refusing the defendant a peremptory instruction. It appears, however, that plaintiff proved not only that the deed had been acknowledged by the defendant, but had been on record for about twenty years. This was sufficient to make out a *prima facie* case of delivery and to impose on the defendant the burden of proving the contrary. Middleton v. Ball, 182 Ky. 163, 206 S. W. 275, 8 R. C. L. sec. 66, p. 1004

Another error relied on is that the court erred in not permitting defendant's affidavit, as to what the absent witness, J. W. Whitaker, would say if present, to be read to the jury. The only admissible portion of the affidavit was the statement that Whitaker, if present, would state and give in evidence when sworn that he was in London on the day that Elizabeth Mize and Jack Morgan were there, and that they went in company with each other toward the clerk's office. This evidence was so lacking in probative force that we do not regard the failure of the court to permit the affidavit to be read as prejudicial error.

There was no error in refusing to submit the questions of adverse possession and champerty to the jury. The defendant and his wife, Elizabeth, were married some time prior to the year 1895. They lived together on the tracts of land in controversy until about the year

1914. It is settled law that, where lands of a wife are jointly occupied by her and her husband, his possession is not adverse to her. 1 R. C. L. sec. 83, p. 755; Merraman v. Caldwell, 8 B. Mon. 32, 46 Am. Dec. 537.

Elizabeth Mize was granted an absolute divorce from the defendant, and the decree being silent on the question his homestead right in the property was thereby terminated. 13 R. C. L. sec. 140, p. 679; Skinner v. Walker, 92 Ky. 729, 34 S. W. 233

Judgment affirmed