# Louisville College of Dentistry v. Hartford Steam Boiler Inspection and Insurance Company.

(Decided November 21, 1919.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. New Trial—Discretion in Awarding.—Trial courts have a broad discretion in awarding new trials, and a judgment will not be reversed because thereof unless it appears that there has been an abuse of this discretion.
2. New Trial—Entering Judgment on Former Verdict.—Where a new trial is granted because of a view of the law of the case which is not sustained by this court, and the other grounds are not sufficient to sustain the action, the order will be set aside and judgment entered on the former verdict.
3. New Trial—Error in Granting—Sufficiency of Evidence.—In a policy of insurance against explosion, rupture or collapse of boilers while under steam pressure, was a clause stipulating that a simple "cracking" of cast iron parts shall not be deemed an explosion, collapse or rupture as insured against. Held, that there was sufficient evidence that an opening which occurred in the boiler was a "rupture" rather than a "crack" not only to take the case to the jury, but also to sustain their verdict, and the trial court erred in granting a new trial on the ground of insufficient evidence.

H. N. LUKINS and FRED FORCHT for appellant.

J. J. HETTINGER, HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellee issued to the appellant (plaintiff below) a policy of insurance against loss from the explosion, collapse or rupture of the steam boilers in its building. Alleging the rupture of one of the boilers covered by the policy of insurance the plaintiff instituted this action to recover the amount of the loss resulting therefrom, and upon a trial before a jury recovered a verdict and judgment for $501.21.

Defendant filed motion for a new trial, assigning seven grounds therefor. This motion was sustained, as appears from the bill of exceptions, and as counsel agree, because of the trial court's conclusion upon a hearing of the motion for a new trial, that the evidence was not sufficient to carry the case to the jury and that defend-

ant's motion for a directed verdict had been erroneously overruled.

The parties, to facilitate matters and to avoid the expense of another jury trial, then agreed to submit the law and facts to the court, without a jury, upon the evidence produced at the former trial, and the court entered a judgment dismissing the petition, from which plaintiff appeals.

Plaintiff insists the court erred in granting a new trial and that the judgment on the first trial should be reinstated, while defendant, denying the court abused a sound discretion in granting a new trial, insists upon affirmance of the second judgment under the rule that where, in a common law action, the law and facts are submitted to the court without the intervention of a jury, its finding of fact will not be reversed unless flagrantly against the evidence.

Manifestly, therefore, the first question for our decision is whether or not the court erred in granting the new trial.

Trial courts have a broad discretion in awarding a new trial, and this court will not reverse a judgment because thereof unless it appears there has been an abuse of this discretion. Pack v. Camden Interstate Railroad Co., 154 Ky. 538; Chenoa-Hignite Coal Co. v. Philpot's Admr., 152 Ky. 390; Brown v. L. & N. R. R. Co., 144 Ky. 546; Wilhelm v. Louisville Railroad Co., 147 Ky. 196; Conley v. Central Traction Co., 152 Ky. 768.

But the rule is as well established that where the lower court grants a new trial because of a view of the law of the case which is not sustained by this court, and the other grounds relied upon are not sufficient to justify his action, the order will be set aside and judgment entered on the former verdict. Crowley v. L. & N. R. R. Co., 21 K. L. R. 1434, 55 S. W. 434; Richards v. L. & N. R. Co., 20 K. L. R. 1478, 49 S. W. 419; Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735; Meek v. Patton, 12 Ky. L. R. 796; Anderson v. Republic Iron & Steel Co., 107 S. W. 220; Nolan's Admr. v. Standard Sanitary Mfg. Co., 111 S. W. 290.

Since counsel agree, and the bill of exceptions shows, that the lower court sustained the motion for a new trial solely upon the ground that the evidence was insufficient to carry the case to the jury, and it is not claimed that

any of the other grounds relied upon was sufficient to justify the granting of a new trial, except the one that the evidence was also insufficient to sustain the verdict, we may consider all other grounds as waived except these two.

The only fact in issue about which the court and the jury disagreed was whether the proven break or opening in a cast iron part of the boiler, while under pressure of steam, was a "rupture" or a "crack." This issue was vital because of a clause in the policy, and a rider attached to and made a part thereof, which, insofar as involved, are respectively as follows:

"(5a) By the terms 'explosion' or 'rupture,' as used in this policy is to be understood a sudden, substantial tearing asunder of the boiler, . . . or any portion thereof, caused by pressure of steam.

"It is hereby understood and agreed that the simple cracking of cast iron parts of the boiler or boilers insured under this policy whether under steam pressure or not shall not be deemed an explosion, collapse, or rupture as insured against within the meaning of this policy."

The evidence, without contradiction, shows that on the morning of November 1, 1916, and while under pressure of steam, there suddenly appeared in a cast iron part of the boiler what plaintiff insists was a "rupture," but which the defendant contends was merely a "crack." It was described by all of the witnesses as an irregular, semicircular opening in a casting on the front of the boiler, about fifteen inches long; and most of the witnesses testified that along the line of the cleavage and inside thereof the casting had bulged outward about one-half to three-quarters of an inch. One witness stated that the opening would admit a pencil; others that it was only the width of a knife blade.

Mr. A. J. Anderson, a mechanical engineer, who had had 15 years' experience in construction work and 20 years' experience with boilers of this class, described this opening in part as follows:.

"And it was plainly evident that the front section was ruptured, because on the front section, as you face it, and towards the bottom of the right hand leg—I presume you would describe it—there was a piece of this casting which had been broken loose and forced outward."

Some of the witnesses in speaking of the opening call it a "rupture" while others call it a "crack," and one witness for the defendant denied that there was any bulging of any part. of the casting.

We are quite unable upon this evidence to assert with confidence that this opening was either a rupture as defined in the policy or merely a crack, but clearly of the opinion that there was sufficient evidence it was a rupture, as defined in the policy; i. e. "a tearing asunder of the boiler . . . or *any portion thereof*," not only to take the case to the jury, but also to sustain their verdict. This being true, the court erred in granting the new trial and setting aside the, judgment in favor of plaintiff, and the same should be reinstated.

Wherefore, the judgment dismissing plaintiff's petition is reversed and the cause remanded with direction to reinstate the judgment entered on the first trial.