## Bella Robenson and Sam Robenson v. Turner.
## Turner v. Bella Robenson and Sam Robenson.

(Decided January 20, 1925.)

### Appeals from Jefferson Circuit Court (Common Pleas, Fourth Division).

1. Trial—Issues of Fact should be Submitted to Jury Only when Evidence is Conflicting.—Issues of fact should be submitted to jury only when evidence is conflicting.

2. Trial—Instruction as to Fact Not in Dispute in Husband's Action for Loss of Consortium Held Proper.—In husband's action for loss of consortium from injuries of wife sustained when she jumped from window of burning building, instruction that defendant failed to furnish a fire escape held proper, evidence being uncontradicted.

3. Trial—In Civil Action, Court is Not Required to Instruct on All Issues Pleaded and Proved, and Failure to so Instruct in Absence of Request Held Not Error.—In civil case court is not required to instruct on every issue pleaded and proved, and in husband's action for loss of consortium from injuries of wife, failure of

court on its own motion to give particular instructions not requested, held not error.

4.  Damages—$4,430.00 Damages for Husband's Loss of Consortium, $930.00 of which Represented the Expenditures by Him, Held Not Excessive.—$4,430.00 for husband's loss of consortium, $930.00 of which was allowed for expenses incurred, held not excessive.

5.  Husband and Wife—Husband Managing Wife's Apartment Building Held Not Liable to Tenant's Husband for Loss of Consortium from Injuries.—Husband who only managed wife's apartment building as agent held not liable to husband of tenant for loss of consortium from injuries caused by failure to provide fire escape.

6.  Appeal and Error—New Trial—New Trial Largely Within Court's Discretion, which will Not be Interfered with Except in Case of Abuse.—Trial court has broad discretion in matter of granting new trials, which discretion will not be interfered with except in case of abuse.

7.  New Trial—Court's Setting Aside of Verdict as Excessive, and Granting of New Trial, Held Not Abuse of Discretion.—Court's setting aside as excessive verdict for $5,629.00 for husband for loss of consortium held not abuse of discretion.

R. RUTHENBERG and EDWARDS, OGDEN & PEAK for appellants.

WILLIAM MARSHALL BULLITT, GROVER G. SALES and BRUCE, BULLITT & GORDON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming as to Bella Robenson and reversing as to Sam Robenson on their appeal, and affirming as to O. T. Turner on his appeal.

Mrs. Bella Robenson owned a three-story apartment house in Louisville. Mrs. May C. Turner and her husband, O. T. Turner, occupied an apartment on the third floor. The house caught fire, and, there being no fire escape, the Turners crawled out on a third floor window sill and Mrs. Turner, who jumped into the life net spread by the fire department, was severely injured. Two suits were filed against Mrs. Robenson and her husband, one by Mrs. Turner for personal injuries, and the other by Mr. Turner for loss of consortium. Mrs. Turner recovered a judgment for $6,500.00 which was affirmed on appeal. Robenson v. Turner, 199 Ky. 642, 251 S. W. 857. On the first trial of this suit for loss of consortium, Mr. Turner recovered a verdict and judgment for $5,-629.00, which was set aside by the trial court. The second trial resulted in a verdict and judgment for plaintiff in the sum of $4,430.00. From the last judgment the Rob-

ensons appeal, while Turner appeals from the order setting aside the first judgment and asks that it be reinstated.

As the evidence in this case was substantially the same as that heard on the trial of the action for personal injuries, it will not be necessary to restate the facts, or to discuss the same questions that were discussed and settled on the other appeal.

Complaint is made of the fact that the court, after telling the jury in instruction 1 that it was the duty of the defendant, Bella Robenson, to have the apartment building equipped with a fire escape extending to the third floor and affording the occupants of the apartment a safe means of exit in case of fire, used the following language:

> "It is shown by the evidence in this case that the defendant, Bella Robenson, and her agent, Sam Robenson, if he was her agent, failed to furnish such a fire escape."

It is only when the evidence is conflicting that an issue of fact should be submitted to the jury. In this case, the uncontradicted evidence shows that the building was not equipped with a proper fire escape, and the court did not err in instructing the jury to that effect. Louisville Ry. Co. v. O'Conner, 101 S. W. 305, does not announce a contrary rule. In that case it was the theory of the plaintiff that she was injured while a passenger. On the other hand, it was the theory of the defense that she was injured after she had ceased to be a passenger. There was evidence to support both theories. While the court instructed on defendant's theory, it at the same time advised the jury in instruction 1 that it was conceded in the testimony and that the evidence made it clear that plaintiff at the time she claims to have been injured was a passenger on the defendant's car. In view of the different theories and conflicting evidence it was held that the latter instruction was calculated to confuse the minds of the jury as to the real merit of the defense.

Further complaint is made of the failure of the court to instruct the jury that if Mrs. Turner, through fright, confusion or delay on her part, failed to escape, she could not recover, and that she had the right to recover for mental and physical suffering independent of any action on the part of her husband. Whether instructions embodying these defenses should have been given, if of-

fered, it is unnecessary to determine. It is sufficient to say that it is not the duty of the court on its own motion to give all the law of a case in a civil action, or to instruct on every issue pleaded or proved. All that is required is that the instructions shall be correct as far as they go, and if additional instructions are desired, they should be requested, which was not done in this case. Ohio Valley Electric Ry. Co. v. Webb, 202 Ky. 341, 259 S. W. 697.

On the last trial the court allowed plaintiff $930.00 for expenses and $3,500.00 for loss of consortium, and it is insisted that the verdict is excessive. Mrs. Turner was a young woman twenty-seven years of age. For four months she was confined to her bed. She has curvature of the spine, and a fractured coccyx, which will have to be removed by an operation. The condition of her spine is permanent. For months her husband lost the comfort and pleasure of her society, and throughout the balance of their married life she will not be able to accompany her husband and contribute to his comfort and pleasure by doing those things which she could have done had it not been for her injuries. In the very nature of things it is extremely difficult to fix the damages in a case of this character, and not being able to say the amount fixed by the jury is so excessive as to strike us at first blush as being the result of prejudice or passion, the verdict will not be disturbed.

On the other appeal we held that Sam Robenson, who acted as agent for his wife and assisted her in managing and looking after the apartment, was not liable to Mrs. Turner, and for the same reason he is not liable in this action.

On the appeal of Turner from the order setting aside the verdict for $5,629.00, it is sufficient to say that the trial court has a broad discretion in granting new trials, and that its discretion will not be interfered with except in case of abuse. Louisville College of Dentistry v. Hartford Steam Boiler Inspection and Insurance Company, 185 Ky. 778, 215 S. W. 941. On the whole, we are not prepared to say that the trial court abused its discretion in holding that the first verdict was excessive.

On the appeal of the Robensons the judgment is affirmed as to Bella Robenson, and reversed as to Sam Robenson for proceedings consistent with this opinion.

On the appeal of O. T. Turner the judgment is affirmed.