## City of Madisonville v. Nisbit.

(Decided June 2, 1931.)

H. F. S. BAILEY for appellant.

W. J. COX and SARA COX KECKLEY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

James Franklin Nisbit owns a farm in Hopkins county near the city of Madisonville. He instituted an action against the city to recover damages for injury to his farm as the result of a nuisance created by the city. It was alleged that the city had constructed a system of sanitary sewers which emptied foul waste matter into Flat creek near the property of plaintiff, and that, by reason of the pollution of the open creek, the value of his farm was practically destroyed. A motion by the city to make the petition more specific in certain respects was overruled. A demurrer to the petition was not decided by the court. The answer denied the allegations of the petition, and by an amended answer averments were made to the effect that the city had arranged to construct a sewage disposal plant that would eliminate the nuisance complained of by plaintiff. At the first trial of the case a verdict for $4,500 in favor of plaintiff was returned. The city asked and was awarded a new trial,

and the second trial resulted in a judgment of $2,500 against the defendant. The city has prosecuted an appeal, and the plaintiff has taken a cross-appeal, seeking to reinstate the first verdict.

We will dispose first of the appeal by the city.

In the original petition, the plaintiff gave a defective description of his property. By an amended petition, the description was corrected by adding more land to the boundary originally described. The necessity for the amendment was to correct an oversight on the part of the draftsman of the petition. The original farm had been enlarged by the addition of two parcels of land, and in describing the farm the added parcels had been omitted. The petition aptly alleged facts showing the plaintiff's title to the land, and the criticism addressed to it in that respect is without merit. It is complained that the amendment added a new cause of action upon which it was necessary to issue a new summons. It is the rule that an amended petition which merely corrects or perfects the statement of a cause of action originally alleged requires no new summons. Foreman v. Walters, 178 Ky. 274, 198 S. W. 914.

If the amendment constitutes a departure from the original cause of action alleged, or sets up a new or independent cause of action, distinct from that originally asserted, process must be issued on the amendment, and the defendant brought before the court thereon. U. S. Fidelity & Guaranty Co. v. Carter, 82 S. W. 380, 26 Ky. Law Rep. 665; Phoenix-Jellico Coal Co. v. Grant, 159 Ky. 95, 166 S. W. 812; Metropolitan Trust Co. v. Tracy, Judge, 171 Ky. 781, 188 S. W. 782.

Here the cause of action alleged arose from an injury to the plaintiff's farm, and the amended petition correcting the description of the land injured did not constitute a new or distinct cause of action. Moore's Guardian v. J. M. Robinson, Norton & Co., 91 S. W. 659, 29 Ky. Law Rep. 43; Harding v. Woolridge, 93 S. W. 1056, 29 Ky. Law Rep. 576; Gray v. Alderson (Ky.) 123 S. W. 317. It merely perfected the allegations of the cause of action, and new process was unnecessary. The issues tendered were fully met by the answer and its denials applied equally to the allegations of the petition and of the amended petition. Cf. Fearon Lumber & Veneer Co. v. Lawson, 166 Ky. 123, 178 S. W. 1121.

It is complained that the court erred respecting the admission of evidence. The first complaint concerns testimony relating to the value of the use to plaintiff of his land. The rule as to the measure of damages in actions for injury to improved real estate, when occupied or used by the plaintiff, is to allow reasonable compensation for diminution in the value of the use of the land. In such cases, the value of the use to the plaintiff is the very issue the jury is to try, and evidence respecting that issue is necessary and proper. When the property is not occupied or used by the plaintiff, the diminution in rental value furnishes the criterion of damage, and evidence of rental values then becomes relevant.

The evidence respecting the effect of the nuisance upon the health and comfort of the plaintiff and the members of his family was competent, as has been held in a long line of cases. Kemper v. City of Louisville, 14 Bush, 87; City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep. 253; Southern Ry. Co. v. Routh, 161 Ky. 196, 170 S. W. 520; Gay v. Perry, 205 Ky. 38, 265 S. W. 437.

Complaint is made of the incorporation in the instructions of the word "enjoyment" in association with the word "use." The court told the jury, if the wrongful acts specified in the instructions were committed, and operated to deprive the plaintiff of the use and enjoyment of his property, he was entitled to recover. It is said the word "enjoyment" in that connection allowed consideration of forbidden elements in ascertaining damages, but the argument is unsound. The word was appropriate to express the character of use of his property to which the plaintiff was entitled. It is argued that the true measure of damages was the impairment of the market value of the property. The rule upon that subject is settled by many decisions. If the nuisance is permanent, the measure of damages is the depreciation in the market value of the property. If the nuisance is temporary, and capable of correction at reasonable cost, the measure of damages where the property is occupied by the owner is the diminution in the value of its use during the continuance of nuisance. If the property is not occupied by the owner, the measure of compensation is the depreciation in the rental value during the continuation of the wrong. City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep. 253; Kentucky D. & W.

Co. v. Barrett (Ky.) 112 S. W. 643; Louisville, H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073; City of Henderson v. Herron, 152 Ky. 341, 153 S. W. 440; Cumberland R. Co. v. Bays, 153 Ky. 159, 154 S. W. 929; Vaughn v. City of Corbin, 170 Ky. 428, 186 S. W. 131; Price Bros. v. Dawson Springs, 190 Ky. 354, 227 S. W. 470; Gay v. Perry, 205 Ky. 38, 265 S. W. 437.

The city pleaded that the situation creating the nuisance was temporary, and that steps to correct it had been taken. The instructions permitted recovery only for temporary impairment of the value of the use of the property while used and occupied by plaintiff, and for impairment of its rental value when not occupied by the owner. It appeared that plaintiff had occupied the property part of the time, and had rented it a portion of the period involved, and the showing of such facts made it necessary to frame the instructions to fit each hypothesis developed by the evidence. The city complains that the award of damages was excessive, but there is no merit in the complaint. The evidence warranted the verdict, and the amount allowed accords substantially with the preponderance of the testimony.

It is quite clear that the city has no just ground of complaint of the rulings of the trial court or of the result reached by the jury. Hence we proceed to consider the contentions of the appellee upon his cross-appeal.

The sole question presented by the cross-appeal is the propriety of the refusal of the trial court to reinstate the verdict returned on the first trial. The plaintiff excepted to the order granting a new trial and caused a bill of exceptions and a transcript of the testimony to be prepared and made a part of the record in the manner authorized by law and within the time allowed for the purpose. When the verdict at the last trial was returned, a motion was made to substitute for it the former verdict for $4,500, which had been set aside when the new trial was granted. The plaintiff practiced the case with precision, and pursued the exact steps pointed out by the opinions of this court to be followed in order to preserve his rights in the premises. Nolan v. Standard Sanitary Manufacturing Co., 111 S. W. 290, 33 Ky. Law Rep. 745; Perkins v. Oglivie, 148 Ky. 309, 146 S. W. 735; Interstate Coal Co. v. Shelton, 160 Ky. 40, 169 S. W. 546; Ross v. Kohler, 163 Ky. 583, 174 S. W. 36, L. R. A. 1915D, 621; Louisville College of Dentistry v. Hartford Steam Boiler

Inspection & Insurance Co., 185 Ky. 778, 215 S. W. 941; Chesapeake & O. v. Salyers, 187 Ky. 144, 218 S. W. 474; Strode v. Strode, 194 Ky. 665, 240 S. W. 368, 27 A. L. R. 313; Mott v. Wellman, 232 Ky. 594, 24 S. W. (2d) 311.

The suggestion that the appeal attempted to be granted by the circuit court from the order granting a new trial should have been exhausted by Nisbit before proceeding to a second trial is without force. The order granting the new trial was not appealable, and the sole remedy available to the injured party was properly pursued by him in this case. In Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735, and again in Dailey v. Lexington & Eastern Ry. Co., 180 Ky. 668, 203 S. W. 569, the exact point was presented and ruled adversely to the contention of appellant. The case of Baskett v. Crossfield, 190 Ky. 751, 228 S. W. 673, cited by the appellant, is not in point. There a verdict for a small sum had been rendered against the defendant. He failed to raise any question respecting the trial or to perfect the record for a review of any rulings adverse to him. The appeal was by his adversary, who was dissatisfied with the amount of his recovery. In such situation the propriety of the judgment against the defendant was not presented to the Court of Appeals. Here the new trial was granted to the defendant, and the injured party carefully preserved his right to a review of that ruling.

The order granting the new trial did not state the ground upon which it was based, but it is defended here upon the sole ground that the verdict for $4,500 was excessive. A review of the cases cited above will disclose that this court is authorized to reinstate former verdicts when the granting of a new trial was not warranted upon any legal ground shown by the record. It can be done only to correct erroneous action of the trial court that constituted an abuse of discretion. The question must be determined from a consideration of the record of the first trial, and, if it discloses a legitimate ground upon which to sustain the action of the trial court, the granting of a new trial will not be disapproved. We come, then, to consider whether the trial judge was justified in granting a new trial of this action on the ground of excessive damages, since the appellant suggests no other basis for sustaining his action. The question is not whether the plaintiff might have been damaged altogether to the extent of $4,500, but whether the proof warranted

such a sum according to the measure of damages by which the jury had to be guided on that trial.

The jury was limited in assessing damages by the evidence produced by the parties and by the standard of measurement prescribed by the trial court. It was its duty to obey the instructions of the court, whether right or wrong, and, if the verdict exceeded the limits defined, it was not an abuse of discretion to grant a new trial. Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 116 S. W. 693, 21 L. R. A. (N. S.) 852; Yellow Poplar Lumber Co. v. Bartley, 164 Ky. 763, 176 S. W. 201; Barney v. Jolly Hoop Co., 172 Ky. 99, 188 S. W. 1094; Krieger, County Judge, v. Standard Printing Co., 191 Ky. 552, 231 S. W. 27; Farmers' Bank & Trust Co. v. Harding et al., 209 Ky. 3, 272 S. W. 3.

The court by the instructions confined the plaintiff's recovery in any event (1) to reasonable compensation for the diminution in the value of the use of his property while occupied by him as a home, and (2) to the depreciation in the rental value of the property while rented. No other element of compensation was submitted to the jury, and it was required to confine the assessment of damages to the standard defined by the directions of the court, and to keep within the limits authorized by the evidence.

It is argued that there was sufficient evidence at the first trial to sustain an award of $4,500 for diminution in the value of the use of the property while occupied by the owner and for depreciation of the rental value while occupied by tenants. The testimony referred to does not support the argument.

Mr. Nisbit stated on the first trial that he lived on his farm until the conditions became intolerable, and he then rented it from time to time, but the tenants could not endure the odors and annoyances arising from the sewage. He said that the rental value of the property had been practically destroyed by the acts of the city, and that before the nuisance was created the rental value was at least $500 per year. Mr. Daniel testified that the rental value of the farm freed of the nuisance was about $600 per year. Mr. Brooks, a former mayor of the city, expressed the opinion that the reasonable rental value of the farm prior to the nuisance was from $300 to $400 a year, and that it would rent under the conditions existing

at the time of the trial for as much as $200 or $250 a year. There was other testimony of similar trend, but we are unable to find in the record of the first trial any evidence to justify a judgment for as much as $4,500 damages during the five years involved.

We are not at liberty to consider the evidence of damages adduced at the last trial, even though it tended to show a greater injury to the use and rental value of the property than was apparent from the proof on the first trial. Neither is it necessary to consider whether the court committed errors against the plaintiff in instructing the jury as to the measure of damages, since the plaintiff seeks only to reinstate the first verdict, and we are confined to the single inquiry whether the discretion of the court was abused in vacating a verdict for $4,500 under the instructions that were given by the court. We are bound to pass upon the question in the light of the same facts that were before the circuit court when it made the order.

We are constrained to the conclusion that the trial court did not abuse a sound discretion in granting the new trial. The prevailing rule of practice requires more liberality in approving an order granting, than one refusing a new trial, and, when an abuse of discretion is not disclosed, the action of the trial court should not be disturbed. Floyd v. Paducah Ry. & Light Co., 73 S. W. 1122, 24 Ky. Law Rep. 2364; Cherry Bros. v. Christian County, 146 Ky. 330, 142 S. W. 726; Mize v. Boston, 185 Ky. 275, 215 S. W. 33; Clark v. Pullman Co., 205 Ky. 336, 265 S. W. 820; Robenson v. Turner, 206 Ky. 742, 268 S. W. 341; Mott v. Willman, 232 Ky. 594, 24 S. W. (2d) 311; Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966.

The judgment is affirmed on both the original and cross appeal.